# EXHIBIT 4

IN THE CIRCUIT COURT OF THE
NINETEENTH JUDICIAL CIRCUIT, IN AND
FOR INDIAN RIVER COUNTY, FLORIDA

CATHERINE S. RYAN and DEBORAH
A. STUART, as Beneficiaries of The J.
Raymond Stuart Revocable Trust dated
January 2, 1990, as amended, and the
Marital Deduction Trust and the Non-
Marital Deduction Trust created thereunder,

    Plaintiffs,

v.        CASE NO. 31-2013-CA-000523
        NOTICE OF APPEAL

PAMELA B. STUART, individually and
as Trustee of The J. Raymond Stuart Revocable
Trust dated January 2, 1990, as amended, and
the Marital Deduction Trust and the Non-
Marital Deduction Trust created thereunder,

    Defendant.
_____/

## NOTICE OF APPEAL

NOTICE IS GIVEN that Pamela B. Stuart, Defendant/Appellant, appeals to the Fourth District Court of Appeal the following orders of the Circuit Court for Indian River County, Florida, 19th Judicial Circuit, identified by title and the dates rendered. The nature of the Final Judgment of Foreclosure dated May 24, 2018, is a final order as is the Order denying defendant's motion for a rehearing dated June 11, 2018.

    March 21, 2018   Order Denying Defendant Pamela B. Stuart's Second Motion to
                               Disqualify

Conformed copies of each of these orders are attached.

In addition, Defendant/Appellant appeals the failure to afford Defendant an opportunity to conduct discovery as well as various evidentiary rulings made by the trial court at the hearing on cross-plaintiffs' dispositive motion which was held on May 22, 2018, less than one month after defendant was ordered to be a party in the case when the court vacated a default entered on May 17, 2017, including the failure to take testimony from witnesses Jeanette Genovese and Nicole Russo who were subpoenaed to testify at that hearing.

Dated: June 19, 2018						Respectfully submitted,


							/s/ Pamela B. Stuart

							_____
							Pamela B. Stuart
							*Defendant pro se*
							111 John's Island Drive #7
							Vero Beach, FL 32963
							772-492-1223
							Email:  pamstuart@aol.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 19, 2018, I filed the foregoing Defendant's Notice of Appeal and attached orders using Florida's E-Portal, which will provide electronic notice to counsel for the Tennis Townhouses Condominium Association, Inc., Ryan C. Scarpa, Esq., Block & Scarpa, 1515 Indian River Boulevard, Suite A 220, Vero Beach, Florida 32960, rscarpa@blocklaw.org, and counsel for the Cross-Plaintiffs, C. Douglas Vitunac, Esq., Collins, Brown, Barkett, Garavaglia and Lawn, Chartered, at dvitunacpleadings@verolaw.com and dhaidary@verolaw.com, and to counsel for the John's Island Property Owners Association, Inc., Lisa R. Hamilton, Esq. at McKinnon & Hamilton, PLLC, lhcwmlaw@bellsouth.net.

/s/ Pamela B. Stuart
_____
PAMELA B. STUART

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR INDIAN RIVER COUNTY, FLORIDA

THE TENNIS TOWNHOUSES　　　　　　　　　　　CASE NO.: 2017-CA-000523
CONDOMINIUM ASSOCIATION, INC.,

   Plaintiff,

vs.

PAMELA B. STUART; EAGLEBANK;
JOHN'S ISLAND PROPERTY OWNERS'
ASSOCIATION, INC.; CATHERINE S. RYAN and
DEBORAH A. STUART, as Beneficiaries of The J.
Raymond Stuart Revocable Trust dated January 2,
1990, as amended, and the Marital Deduction Trust
and the Non-Marital Deduction Trust created
thereunder; UNKNOWN TENANT IN
POSSESSION #1; and UNKNOWN TENANT IN
POSSESSION #2,

   Defendants.
_____/

## FINAL JUDGMENT OF FORECLOSURE

This action was heard before the Court on May 22, 2018 at 1:30 p.m., and on the evidence presented and being otherwise duly advised in the premises;

IT IS ORDERED AND ADJUDGED THAT:

1. **Motion Granted.** There is no dispute of material facts and Plaintiff's Motion for Summary Judgment Including a Hearing to Tax Attorneys' Fees and Costs is hereby GRANTED as to Defendants, PAMELA B. STUART, JOHN'S ISLAND PROPERTY OWNERS' ASSOCIATION, INC., CATHERINE S. RYAN and DEBORAH A. STUART. Defendants'/Cross-Plaintiffs', CATHERINE S. RYAN and DEBORAH A. STUART, Motion for Summary Judgment Including a Hearing to Tax Attorneys' Fees and Costs is also hereby GRANTED as to Cross-Defendant PAMELA B. STUART.

2. **Amounts Due.** Plaintiff, THE TENNIS TOWNHOUSES CONDOMINIUM ASSOCIATION, INC. at 1 Turtle Beach Road, Vero Beach, FL, 32963:

 Unpaid Assessments and Interest to 1/1/2018:    $24,864.55
 Attorney's fees:
  Finding as to reasonable number of attorney hours from
  8/12/16 through 5/22/18:    65.3

|  |  |
|---|---|
| Finding as to reasonable attorney hourly rate: | $275 |
| Finding as to reasonable number of paralegal hours from 8/12/16 through 5/22/18: | 8.1 |
| Finding as to reasonable paralegal hourly rate: | $150.00 |
| Attorneys' fees total: | $19,172.50 |

Costs:

|  |  |
|---|---|
| Court Filing and Summons Fees (County and Circuit): | $771.50 |
| Service of Process: | $530.00 |
| Certified/Registered mailing: | $26.26 |
| Recording Fees (Claim of Lien): | $18.50 |
| E-filing Fees: | $75.00 |
| Tile Search Fees: | $85.00 |
| Expert Witness ($250/hour x 2.5 hours) | $625.00 |
| Total Costs: | $2,131.26 |

Additional Costs:

|  |  |
|---|---|
| Online Judicial Sale Fee: | $70.00 |
| Recording Fee: | $18.50 |
| Publication Fee: | $150.00 |
| Total Additional Costs: | $238.50 |

**PLAINTIFF'S GRAND TOTAL:** <u>**$46,406.81**</u>

3. **Amounts Due:** Defendants/Cross-Plaintiffs CATHERINE S. RYAN, 69 Portland Road, Summit, NJ 07901, and DEBORAH A. STUART, P.O. Box 59382, Renton, WA 98058 are awarded the below amounts pursuant to their equitable lien, which is hereby held to be junior and inferior to Plaintiff's lien:

|  |  |
|---|---|
| Equitable Lien amount | $2,037,749.10 |
| Accrued interest from October 21, 2016 to May 22, 2018 (@6 % per annum) | $193,614.08 |
| Sub-Total Due on Lien | $2,231,363.18 |

Costs:

|  |  |
|---|---|
| Filing Fee- Cross-Claim | $408.83 |
| Filing Fee- Lis Pendens | $10.35 |
| C.    Title Search Fee | $200.00 |
| Total Costs: | $619.18 |

**CROSS-PLAINTIFFS' GRAND TOTAL:** <u>**$2,231,982.36**</u>.

4. **Interest.** The total amount in paragraph 2 shall bear interest from this date forward at the prevailing rate.

5.  **Lien on Property.** Plaintiff, THE TENNIS TOWNHOUSES CONDOMINIUM ASSOCIATION, INC., holds a first lien for the total sum set forth in paragraph 2.0 above superior to all claims or estates of Defendants, PAMELA B. STUART, JOHN'S ISLAND PROPERTY OWNERS' ASSOCIATION, INC., CATHERINE S. RYAN and DEBORAH A. STUART; and Defendants/Cross-Plaintiffs, CATHERINE S. RYAN and DEBORAH A. STUART, hold a lien, junior to that of Plaintiff's, for the total sum set forth in paragraph 2.1 above, superior to all other claims or estates of Cross-Defendant, PAMELA B. STUART on the following described property in Indian River County, Florida:

> Apartment 7, THE TENNIS TOWNHOUSES, A CONDOMINIUM, according to the Declaration of Condominium thereof, as recorded in Official Records Book 482, Page 764, of the Public Records of Indian River County, Florida, said property lying and being in Indian River County, Florida.
>
> Address: 111 John's Island Drive #7, Vero Beach, Florida 32963

6.  **Sale of Property.** If the total sum with interest at the rate described in paragraphs 2 and 3, and all costs accrued subsequent to this judgment are not paid, the clerk of this court shall sell the property at public sale on June 27, 2018 to the highest bidder for cash, except as prescribed in paragraph 6:

_**PBK**_  By electronic sale at www.indian-river.realforeclose.com beginning at 10:00__ o'clock a.m.

in accordance with section 45.031, Florida Statutes. **The public sale shall not be postponed or cancelled without a court order, and shall proceed regardless of whether plaintiff, a plaintiff's representative, or plaintiff's counsel is present. All orders postponing or cancelling the sale must be filed with the clerk of court no later than 5:00 p.m. two business days before the sale date. Counsel for plaintiff must be certain that the clerk has the original proof of publication of the notice of sale on file no less than three business days before the sale date. Failure to file the original proof of publication of the notice of sale will not stop the sale, however the certificate of sale will not issue until the original proof of publication**

**of notice of sale is filed. The failure of plaintiff's counsel to properly and timely publish the notice of sale may result in sanctions against the plaintiff, plaintiff's counsel individually, and the law firm representing plaintiff.**

If the original proof of publication of the notice of sale is not filed within ten calendar days after the sale, an order will be entered directing the plaintiff to show cause why the sale should not be vacated and the case dismissed with or without prejudice. The fact that an attorney has a high volume practice will not be a showing of good cause.

Any electronic sale by the clerk shall be in accordance with the written administrative policy for electronic sales published by the clerk at the official website for the clerk and posted in the public areas of the clerk's offices.

7.   **Costs.** Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the clerk if plaintiff is not the purchaser of the property for sale, provided, however, that the purchaser of the property for sale shall be responsible for the documentary stamps payable on the certificate of title. If plaintiff is the purchaser, the clerk shall credit plaintiff's bid with the total sum with interest and costs accruing subsequent to this judgment, or such part of it, as is necessary to pay the bid in full. The clerk shall receive the service charge imposed in Section 45.031, Florida Statutes.

8.   **Distribution of Proceeds.** On filing the certificate of title, the clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of plaintiff's costs; second, documentary stamps affixed to the certificate; third, plaintiff's attorneys' fees; fourth, the total sum due to plaintiff, less the items paid, plus interest at the rate prescribed in paragraph 2 from this date to the date of the sale; and by retaining any remaining amount pending the further order of this Court

9.   **Right of Redemption/Right of Possession.** On filing the certificate of sale, defendant(s) and all persons claiming under or against defendant(s) since the filing of the notice of lis pendens shall be foreclosed of all estate or claim in the property and defendant's right of redemption as prescribed by section 45.0315, Florida Statutes shall be terminated, except as to claims or rights under chapter 718 or chapter 720, Florida Statutes, if any. Upon the filing of the certificate of title, the person named on the certificate of title shall be let into possession of the property.

10. **Jurisdiction retained.** Jurisdiction of this action is retained to enter further orders that are proper including without limitation, a deficiency judgment, writes of possession and such supplemental relief or judgments as may be appropriate.

11. **Additional Provisions.** Cross-Plaintiffs are entitled to a bid credit at the sale up to and including the amount due as set forth in paragraph 3, over and above the amount necessary to pay the amount due to Plaintiff as set forth in paragraph 2.0 set forth above. For purposes of clarity, Plaintiffs shall be entitled to receive payment in full of the amount set forth in paragraph 2 as a priority before any other bidder may take title to the subject Property. The clerk is directed to credit Cross-Plaintiffs with such amount, or the full amount of Cross-Plaintiffs' amount due set forth in paragraph 2.0 in the event Cross-Plaintiffs have placed all amounts due Plaintiff into the Court registry. *See Grable v. Nunez,* 66 So.2d 675 (Fla. 1953). This Final Judgment shall not alleviate any successful bidder's obligation to pay unpaid assessments as they accrue in accordance with Chapter 718, Florida Statutes.

**IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THE FINAL JUDGMENT.**

**IF YOU ARE A SUBORDINATE LIENHOLDER CLAIMING A RIGHT TO FINDS REMIANING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN 60 DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.**

**IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS YOURSELF. YOU ARE NOT REQUIRED TO HAVE A LAWYER OR ANY OTHER REPRESENTATION AND YOU DO NOT HAVE TO ASSIGN YOUR RIGHTS TO ANYONE ELSE IN ORDER FOR YOU TO CLAIM ANY MONEY TO WHICH YOU ARE ENTITLED. PLEASE CHECK WITH THE CLERK OF COURT, INDIAN RIVER COUNTY COURTHOUSE, 2000 16TH AVENUE, VERO BEACH, FLORIDA (TELEPHONE 772-288-5576, CIVIL DIVISION), WITHIN 10 DAYS AFTER THE SALE**

**TO SEE IF THERE IS ADDITIONAL MONEY FROM THE FORECLOSURE SALE THAT THE CLERK HAS IN THE REGISTRY OF THE COURT.**

**IF YOU DECIDE TO SELL YOUR HOME OR HIRE SOMEONE TO HELP YOU CLAIM THE ADDITIONAL MONEY, YOU SHOULD READ VERY CAREFULLY ALL PAPERS YOU ARE REQUIRED TO SIGN, ASK SOMEONE ELSE, PREFERABLY AN ATTORNEY WHO IS NOT RELATED TO THE PERSON OFFERING TO HELP YOU, TO MAKE SURE THAT YOU UNDERSTAND WHAT YOU ARE SIGNING AND THAT YOU ARE NOT TRANSFERRING YOUR PROPERTY OR THE EQUITY IN YOUR PROPERTY WITHOUT THE PROPER INFORMATION. IF YOU CANNOT AFFORD TO PAY AN ATTORNEY, YOU MAY CONTACT FLORIDA RURAL LEGAL SERVICES, 121 NORTH 2ND STREET, 4TH FLOOR, FORT PIERCE, FLORIDA 34950 (TELEPHONE: 1-888-582-3410) TO SEE IF YOU QUALIFY FINANCIALLY FOR THEIR SERVICES. IF THEY CANNOT ASSIST YOU, THEY MAY BE ABLE TO REFER YOU TO A LOCAL BAR REFERRAL AGENCY OR SUGGEST OTHER OPTIONS. IF YOU CHOOSE TO CONTACT FLORIDA RURAL LEGAL SERVICES, 121 NORTH 2ND STREET, 4TH FLOOR, FORT PIERCE, FLORIDA 34950 (TELEPHONE: 1-888-582-3410) FOR ASSISTANCE, YOU SHOULD DO SO AS SOON AS POSSIBLE AFTER RECEIPT OF THIS NOTICE.**

      **DONE AND ORDERED** in Vero Beach, Indian River County, Florida, on May, 24, 2018.

                                      PAUL B. KANAREK
                                      Circuit Judge

**Copies furnished to:**
Pamela B. Stuart at pamstuart@aol.com
Ryan C. Scarpa, Esquire at rscarpa@blockscarpa.com
Douglas Vitunac, Esquire at dvitunacpleadings@verolaw.com, dhaidary@verolaw.com
Lisa R. Hamilton, Esquire at lhcwmlaw@bellsouth.net

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR INDIAN RIVER COUNTY, FLORIDA

THE TENNIS TOWNHOUSES
CONDOMINIUM ASSOCIATION, INC.,

    Plaintiff,

v.                                                            CASE NO. 312017CA0523
                                                            Judge Paul B. Kanarek

PAMELA B. STUART, et al.,

    Defendants.
_____

CATHERINE S. RYAN and
DEBORAH A. STUART,

    Cross-Plaintiffs,

v.

PAMELA B. STUART and JOHN'S
ISLAND PROPERTY OWNERS
ASSOCIATION, INC.,

    Cross-Defendants.
_____/

## ORDER DENYING PAMELA STUART'S MOTION FOR REHEARING

This matter came on to be heard upon the defendant, Pamela B. Stuart's Motion for Rehearing and the court having reviewed the motion and being fully advised in the premises, it is therefore;

Ordered and Adjudged as follows:

    A.    The Motion for Rehearing is hereby denied.

    B.    Included in the body of the Motion for Rehearing was a request for Relief from Judgment pursuant to Rule 1.540(b), Florida Rules of Civil Procedure, in reference to case

number 31-2013CA001523.  If the defendant wishes to file such a motion concerning that case the motion should be filed in that case and not in this case.

   Done and Ordered at Vero Beach, Indian River County, Florida, this 8th day of June, 2018.

*[signature]*

PAUL B. KANAREK  
Circuit Judge

cc: Pamela B. Stuart, pamstuart@aol.co,  
   Ryan C. Scarpa, Esq., rscarpa@blockscarpa.com  
   Douglas Vitunac, Esq., dvitunacpleadings@verolaw.com; dhaidary@verolaw.com  
   Lisa R. Hamilton, Esq., lhcwmlaw@bellsouth.net

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR INDIAN RIVER COUNTY, FLORIDA

THE TENNIS TOWNHOUSES
CONDOMINIUM ASSOCIATION, INC.,

    Plaintiff,

v.

PAMELA B. STUART, et al.,

    Defendants.

CASE NO. 312017CA523
Judge Paul B. Kanarek

---

CATHERINE S. RYAN and
DEBORAH A. STUART,

    Cross-Plaintiffs,

v.

PAMELA B. STUART and JOHN'S
ISLAND PROPERTY OWNERS
ASSOCIATION, INC.,

    Cross-Defendants.

---

## ORDER DENYING DEFENDANT PAMELA B. STUART'S SECOND MOTION TO DISQUALIFY

This matter came on to be heard upon the second Motion to Disqualify filed by Pamela S. Stuart, and the court having reviewed the pleadings and finding that it is both untimely (this case was assigned to the undersigned on or about July 11, 2017) and not legally sufficient, it is therefore

Ordered and Adjudged that the Second Motion to Disqualify is hereby denied.

Done and Ordered at Vero Beach, Indian River County, Florida, this 21st day of March, 2018.

*[signature]*

PAUL B. KANAREK
Circuit Judge

cc: Pamela B. Stuart, pamstuart@aol.com
Ryan C. Scarpa, Esq., scarpa@blocklaw.org
Douglas Vitunac, Esq., dvitunacpleadings@verolaw.com; dhaidary@verolaw.com
Lisa R. Hamilton, Esq., lhcwmlaw@bellsouth.net