UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 2:18-cv-14244- JEM

PAMELA B. STUART,

    Plaintiff,

v.

THE TENNIS TOWNHOUSES
CONDOMINIUM ASSOCIATION, INC., et al.

    Defendants.

**DEFENDANT, THE TENNIS TOWNHOUSES CONDOMINIUM ASSOCIATION, INC.'S, AMENDED[1] MOTION TO DISMISS VERIFIED COMPLAINT WITH PREJUDICE, OR ALTERNATIVE MOTION TO ABSTAIN FROM FURTHER CONSIDERATION IN DEFERENCE TO THE STATE COURT ACTION**

Defendant, The Tennis Townhouses Condominium Association, Inc. ("the Association"), through its undersigned counsel, pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure and Rule 7.1 of the Local Rules of the United States District Court for the Southern District of Florida, hereby moves this Court for an Order dismissing the Verified Complaint as to the Association with prejudice for lack of subject matter jurisdiction under the doctrines of *Rooker-Feldman* and *res judicata*, or alternatively, to abstain from considering this case under *Colorado River*, and in support thereof states:

---

[1] This amended motion is filed in order to clarify that the State Court Action is concluded as to the Association. *See,* ¶7 below.

**Factual Background**

1. On March 15, 2017, the Association filed a lien foreclosure action in the Nineteenth Judicial Circuit Court in and for Indian River County, Florida (the "State Court Action") against Plaintiff, Pamela Stuart, for unpaid assessments and dues. [D.E. #1, ¶54].

2. On May 17, 2017, a default was entered against the Plaintiff in the State Court Action. [D.E. #1, ¶55]. On May 22, 2017, the Plaintiff filed a motion to vacate the default. [*Id.*]. On May 25, 2017, the state court vacated the default. [*Id.*].

3. On June 22, 2017, the State Court Action was transferred to circuit court. [D.E. #1, ¶56]. On January 30, 2018, the Association's counsel filed a motion for summary judgment in the State Court Action. [D.E. #1, ¶59].

4. On February 9, 2018, the Plaintiff filed an opposition to the Association's motion for summary judgment. In the opposition, the Plaintiff <u>opposed</u> the motion for summary judgment and <u>raised</u> the issue of the failure to comply with a condition precedent, i.e., that the board of directors did not authorize the State Court Action before commencing same. [D.E. #1, ¶60]. A copy of the Plaintiff's opposition to the Association's motion for summary judgment in the State Court Action is attached hereto as <u>Exhibit 1</u>.[2] As such, the State Court was fully aware of the Plaintiff's position on the Association's failure to comply with a condition precedent.

---

[2] Typically, the court is limited, on a motion to dismiss, to the matters alleged in the complaint and the associated exhibits. *Brooks v. Blue Cross,* 116 F.3d 1364 (11th Cir. 1997). However, motions to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) may attack jurisdiction factually. "When the jurisdictional attack is factual, the Court may look outside the four corners of the complaint to determine if jurisdiction exists. In the factual attack, the presumption of truthfulness afforded to a plaintiff under Rule 12(b)(6) does not attach. Because the very power of the Court to hear the case is at issue in a 12(b)(1) motion, the Court is free to weigh the evidence outside of the Complaint." *O'Toole v. Wells Fargo Bank, N.A.*, Case No.: 8:15-cv-1834-T-33TBM (M.D. Fla. 2016). This motion is a factual attack because it challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings. *Petinsky v. N&D Holding, Inc.*, Case No.: 13-22438-CIV-COHN/SELTZER (S.D. Fla. 2013); *Flournoy v. Gov't Nat'l Mortage Assoc.*, Case No.: 15-61985-CIV-GAYLES (S.D. Fla. 2016).

5.     On April 19, 2018, the Association filed an affidavit of Katherine Strickland, who was the President of the Association. [D.E.#1, ¶¶61, 63]. This affidavit was filed in support of the Association's motion for summary judgment, and alleged that the Association fulfilled its duties under the Declaration of Condominium and to the Plaintiff. [D.E. #1, ¶63].

6.     Following a hearing on the Association's motion for summary judgment, the State Court entered an order foreclosing the Association's lien. [D.E. #1, ¶66]. The State Court ordered that the Plaintiff's condominium be sold at auction on June 27, 2018. [D.E. #1, ¶1]. A copy of the Final Judgment of Foreclosure is attached hereto as Exhibit 2, and can be found in Indian River Official Records at Book 3121, Page 0308.

7.     On June 15, 2018, prior to the sale of the Plaintiff's property, Defendants Dr. Catherine Ryan and Deborah Stuart purchased the Association's interest and partially satisfied the Final Judgment of Foreclosure. A copy of the Partial Satisfaction of Judgment is attached hereto as Exhibit 3, and can be found in Indian River Official Records at Book 3125, Page 1222. As such, the litigation in the State Court Action concluded as to the Association as its interests in the property and the judgment were satisfied prior to sale.

8.     After the Association's interest was satisfied and the litigation in State Court concluded as to the Association, Plaintiff, Pamela Stuart, filed this action on June 26, 2018. The Verified Complaint contains three counts, two of which purportedly raise federal questions and one of which raises a state action to quiet title and partition real and personal property. [D.E. #1].

9.     Of the three counts, only the second cause of action appears to involve the Association. [D.E. #1, pp. 30-38]. The first cause of action concerns a prior court ruling in a probate and/or trust litigation matter, which does not mention or concern the Association. [D.E.

#1, pp. 5-29]. The third cause of action applies only to Defendants Dr. Catherine Ryan and Deborah Stuart. [D.E. #1, pp. 38-41].

10. As such, the second cause of action is the only claim that could possibly invoke any liability on the Association.

11. In the second cause of action, the Plaintiff argues that she was denied due process of law for several reasons in the State Court Action. As a result thereof, the Plaintiff, here, argues that the State Court's order foreclosing the Association's lien was an unlawful judicial taking under the Fifth Amendment of the United States Constitution. [D.E. #1, pp. 30-38].

12. The Plaintiff admittedly failed to pay the Association's fees and assessments when due. [D.E. #1, ¶52]. Notwithstanding the Plaintiff's admitted failure to pay the Association dues, the Plaintiff now argues to this Court that the State Court Action was *ultra vires* as it was not approved by the Association's board of directors, despite making the same argument in the State Court Action [D.E. #1, ¶52]; that the State Court precluded the Plaintiff the right to conduct discovery resulting in a denial of due process [D.E. #1, ¶55]; and that the Final Judgment of Foreclosure was an unlawful judicial taking under the Fifth Amendment of the U.S. Construction. [D.E. #1, p. 38, Wherefore clause].

13. Further, the Plaintiff admittedly makes the same arguments concerning the Association's failure to comply with a condition precedent in the second cause of action in this action as she did in the State Court Action. [D.E. #1, ¶52].

14. Now, the Association responds to the Verified Complaint. Specifically, the claims against the Association must be dismissed for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* and/or *res judicata* doctrine. Alternatively, this Court should abstain from considering this action in deference to the State Court.

**Memorandum of Law and Argument**

I.     **Standard of Review for Motions to Dismiss Pursuant to Rule 12(b)(1), *FRCP***

15. Federal courts are courts of limited jurisdiction. Because a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, the court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises. *O'Toole*, *supra in fn. 1*. A court must grant a Rule 12(b)(1) motion to dismiss if it lacks subject matter jurisdiction to hear the claim. Motions to dismiss for lack of subject matter jurisdiction may attack jurisdiction facially or factually.

16. "When the jurisdictional attack is factual, the Court may look outside the four corners of the complaint to determine if jurisdiction exists. In the factual attack, the presumption of truthfulness afforded to a plaintiff under Rule 12(b)(6) does not attach. Because the very power of the Court to hear the case is at issue in a 12(b)(1) motion, the Court is free to weigh the evidence outside of the Complaint." *O'Toole v. Wells Fargo Bank, N.A.*, Case No.: 8:15-cv-1834-T-33TBM (M.D. Fla. 2016).

II.     **Plaintiff's Verified Complaint must be dismissed for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine**

17. As noted above, jurisdiction is a threshold issue in a case pending in Federal Court. If the Court determines at any time that it lacks subject matter jurisdiction, the Court <u>must</u> dismiss the action. *Thompson v. Musleh,* Case No.: 5:15-cv-380-OC-28PRL (M.D. Fla. 2016). Here, the Verified Complaint must be dismissed with prejudice as to the Association because this Court lacks subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine.

18. Under 28 U.S.C. §1257(a), federal review of state court judgments may only occur in the United States Supreme Court. Thus, district courts lack jurisdiction to review final state

court judgments.  *Thompson, supra.*  The *Rooker-Feldman* doctrine precludes a federal district court from exercising subject matter jurisdiction over a suit that is essentially an appeal of a state court decision.[3]  The *Rooker-Feldman* doctrine is jurisdictional, precluding a loser in state court from challenging a judgment entered in state court, "based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Freeman v. H&G Properties, LLC,* 2014 U.S. Dist. LEXIS 52766, *3-4 (N.D. Fla. 2014) (citing *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)).

    **a. Plaintiff's Verified Complaint must be dismissed under the *Rooker-Feldman* doctrine because the claim against the Association effectively acts as an improper appeal of a state court final foreclosure judgment**

19.   In *Freeman*, the plaintiffs were losing parties in a state court mortgage foreclosure action.  In the federal court action, the plaintiffs argued that the state court judgment violated their federal rights because they were "not given due process of law" in the state court action. *Freeman*, at *3.  The *Freeman* court found that the plaintiffs' claims were barred by the *Rooker-Feldman* doctrine.  Indeed, the *Freeman* court went so far as to say that "[w]here a plaintiff's complained-of injuries stem from a foreclosure judgment, the case is barred by *Rooker-Feldman*." *Freeman*, at *4; *see also*, *Aboyade-Cole Bey v. Bank Atl.*, 2010 U.S. Dist. LEXIS 90188, at *2 (M.D. Fla. Aug. 2, 2010) (finding the court had no jurisdiction to hear plaintiff's case under *Rooker-Feldman* because the case was, "at its core," an attempt to revisit a state-court foreclosure judgment); *Distant v. Bayview Loan Servicing, LLC*, 2010 U.S. Dist. LEXIS 28274 at *3 (S.D. Fla. Mar. 25, 2010) ("Although plead as conspiracy claims . . ., Plaintiff is clearly asking this Court to invalidate the state court action by ruling that the state court foreclosure judgment is somehow void. Under the

---

[3] It is important to note that the Plaintiff has already filed an appeal of the Final Judgment of Foreclosure in the State Court Action to the appropriate state appellate court, the Fourth District Court of Appeal. [Exhibit 4 attached hereto]. However, that appeal does not concern the Association's interest any longer as its interests were satisfied prior to sale of the property.  Effectively, the junior lienholders now stand in the shoes of the Association by way of the satisfaction.

*Rooker-Feldman* doctrine, [defendant] is correct that this Court lacks subject matter jurisdiction, as Plaintiff seeks a de facto appeal of a previously litigated state court matter.").

20. Here, the Plaintiff is effectively seeking an appeal of the Final Judgment of Foreclosure from the State Court Action. Like in *Freeman*, the Plaintiff argues that the State Court did not give her due process of law. [D.E. #1, ¶¶55, 66, Wherefore clause]. Based upon the reasoning in *Freeman*, *Aboyade-Cole Bey*, and *Distant*, the Verified Complaint must be dismissed for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine.

### b. Plaintiff's Verified Complaint must be dismissed under the *Rooker-Feldman* doctrine because the claims in this Federal Court action are inextricably intertwined with the State Court claims

21. Additionally, the *Rooker-Feldman* doctrine bars federal claims raised in the state court and claims which are "inextricably intertwined" with the state court's judgment. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482, n. 16 (1983). A claim is "inextricably intertwined" if it would "effectively nullify" the state court judgment or if it "succeeds only to the extent that the state court wrongly decided the issues." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) (quoting *Goodman ex rel. Goodman v. Sipos,* 259 F.3d 1327, 1332 (11th Cir. 2001)).

22. In *Flournoy v. Gov't Nat'l Mortgage Assoc.*, 156 F. Supp. 3d 1375 (S.D. Fla. January 8, 2016), the Southern District found that after a thorough review of the pleadings filed in federal court, the plaintiff's sole contention in actuality was that the state court improperly granted the foreclosure judgment. As such, the plaintiff's claims were squarely within the ambit of the *Rooker-Feldman* doctrine. *Flournoy*, 156 F. Supp. 3d at 1380; *see also*, *Wint v. BAC Home Loans Servicing, LP*, 2015 U.S. Dist. LEXIS 78456, at *2 (S.D. Fla. June 17, 2015) (same).

23. The Plaintiff, here, is arguing that the State Court erred in entering the Final Judgment of Foreclosure by failing to allow the Plaintiff the right to discovery, and for entering the Final Judgment despite the Association's alleged failure to comply with a condition precedent. The Plaintiff, however, made those same arguments in the State Court Action. [D.E. #1, ¶60; Exhibit 1 hereto]. Like in *Flournoy,* the State Court considered those issues and proceeded forward with rendering judgment in favor of the Association. [D.E. #1, ¶60; Exhibit 1 hereto]. Now, the Plaintiff is once again attempting to re-litigate those issues in Federal Court. This is exactly what the *Rooker-Feldman* doctrine was designed to prevent. *See, e.g., Figueroa v. Merscorp, Inc.*, 766 F. Supp. 2d 1305, 1320 (S.D. Fla. 2011) ("By entering judgments of foreclosure, the Florida state courts determined the foreclosures were proper. These state courts exercised their authority over state law and found the foreclosing parties satisfied Florida's procedural safeguards").

24. Accordingly, because the claims in this action are inextricably intertwined with the state foreclosure claims, the Plaintiff's federal claims against the Association must be dismissed. The same claims were considered and rejected by the State Court. As such, this Court does not have subject matter jurisdiction and the claims are barred by the *Rooker-Feldman* doctrine.

    **c. Under the *Rooker-Feldman* doctrine, Plaintiff's Verified Complaint must be dismissed with prejudice because any amendment would be futile due to the intertwined nature of the Federal Court claims with the State Court claims**

25. Lastly, as this Court noted in *Hill v. Fed. Home Loan Mortg. Corp.*, 2016 U.S. Dist. LEXIS 30975 (S.D. Fla. March 10, 2016), "a district court need not…allow an amendment…where amendment would be futile." *Citing*, *Bryant v. Dupree,* 252 F.3d 1161, 1163 (11th Cir. 2001). In *Hill,* this Court found that an amendment would be futile in light of the *Rooker-Feldman* jurisdictional defect because any relief sought by the plaintiff in relation to the foreclosure would be necessarily intertwined with the state's foreclosure judgment. *Id.* at *10.

26. Like in *Hill*, it would futile to allow an amendment of the Plaintiff's claims against the Association in light of the *Rooker-Feldman* doctrine. As such, the claims against the Association must be dismissed with prejudice.

### III. Plaintiff's Verified Complaint must be dismissed as it relates to the Association pursuant to the doctrine of *res judicata*

27. In addition to, or in the alternative to, the *Rooker-Feldman* doctrine, the Plaintiff's claims against the Association must be dismissed under the doctrine of *res judicata*. In several cases where the *Rooker-Feldman* doctrine has been applied, the courts have likewise considered whether the claims also should be dismissed because of *res judicata*.

28. As the United State Supreme Court explained, "the preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to a *res judicata*." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). Issue preclusion acts to bar subsequent litigation on an issue of fact or law which was litigated and resolved by the final decision of a court of competent jurisdiction. *Id.*

29. The doctrine of *res judicata* under Florida law provides that:

> "[a] judgment on the merits rendered in a former suit between the same parties or their privies, upon the same cause of action, by a court of competent jurisdiction, is conclusive not only as to every matter which was offered and received to sustain and defeat the claim, but as to every other matter which might with propriety have been litigated and determined in that action."

*Madura v. Countrywide Home Loans, Inc.*, 344 F. App'x 509, 517 (11th Cir. 2009).

30. Thus, under Florida law, for *res judicata* to apply, there must be:

> "(1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of the persons and parties to the action; (4) identity of the quality [or capacity] of the person for or against whom the claim is made"; and (5) the original claim was disposed on the merits."

*See Lozman v. City of Riviera Beach, Fla.*, 713 F.3d 1066, 1074 (11th Cir. 2013) (quoting *Andela v. Univ. of Miami*, 692 F. Supp. 2d 1356, 1371 (S.D. Fla. 2010)).

31. In this action, all of the elements for *res judicata* are met. As such, this action must be dismissed.

### a. Identity of the parties and their capacity is the same for purposes of *res judicata*

32. Here, the parties are the same: the Plaintiff was the defendant in the State Court Action brought by the Association (the plaintiff in the State Court Action) for lien foreclosure. As such, the first element of *res judicata* is satisfied.

### b. Identity of the "thing sued for" is the same for purposes of *res judicata*

33. Likewise, the same lien and residential property are at issue in this action that were at issue in the State Court Action. As such, the identity of the things sued for is the same. *See, Beepot v. J.P. Morgan Chase Nat'l. Corporate Services, Inc.*, 57 F. Supp. 3d 1358, 1371 (M.D. Fla. 2014) (finding identity of issues when the plaintiffs raised many of the same issues as a defense to the state foreclosure action); *see also, Nivia v. Nationstar Mortgage LLC,* 2014 U.S. Dist. LEXIS 116583, at *4 (S.D. Fla. Aug. 21, 2014) (same).

### c. Judgment on the merits has already occurred

34. Further, the State Court has already reach a Final Judgment of Foreclosure on the same issues. The State Court has considered the parties arguments, rejected the Plaintiff's opposition to the motion for summary judgment, and scheduled the foreclosure of the property, which occurred in June 2018. As such, the State Court's actions constitute a final judgment on the merits subject to the principles of *res judicata*. *See, Beepot*, 57 F. Supp. 3d at 1372; *see also¸ AGB Oil Co. v. Crystal Exploration & Prod. Co.*, 406 So. 2d 1165 (Fla. 3d DCA 1981); *Bay Fin. Sav. Bank, F.S.B. v. Hook*, 648 So. 2d 305, 307 (Fla. 2d DCA 1995).

### d. Identity of the case of action is the same for purposes of *res judicata*

35. Lastly, the identity of the cause of action in this action is the same as the State Court Action. "Identity of the cause of action is a question of 'wheter the facts or evidence necessary to maintain the suit are the same in both actions.'" *Lozman*, 713 F.3d at 1074-74 (quoting *Tyson v. Viacom, Inc.*, 890 So. 2d 1205, 1209 (Fla. 4th DCA 2005)). Significantly, "a court looks not only at the causes of action actually raised in the first suit, but also at 'every other matter which the parties might have litigated and had determined, within the issues as [framed] by the pleadings or as incident to or essentially connected with the subject matter' of the first litigation." *Zikofsky v. Mktg. 10, Inc.*, 904 So. 2d 520 (Fla. 4th DCA 2005) (quoting *Tyson*, 890 So. 2d at 1214).

36. Here, the Plaintiff is asserting a claim against the Association based upon the same lien and residential property that were at issue in the State Court Action. Indeed, the Plaintiff is raising the failure of the Association to comply with a condition precedent as a basis for this action, which was raised as an affirmative defense in the State Court Action, and which was rejected by the State Court in entering Final Judgment of Foreclosure. Accordingly, the identity of the cause of action is the same for purposes of evaluating *res judicata*. *Beepot,* 57 F. Supp, 3d at 1372-73.

### e. The holding in *Waisome v. JP Morgan Chase Bank, N.A.* applies here to preclude Plaintiff's claims under the doctrine of *res judicata*

37. In *Waisome v. JP Morgan Chase Bank*, *N.A.*, 2016 U.S. Dist. LEXIS 118079 (M.D. Fla. Sept. 1, 2016), the losing parties in a state court foreclosure proceeding brought a federal claim against JP Morgan for violation of the Truth in Lending Act. In addition to considering the application of the *Rooker-Feldman* doctrine, the federal court considered the doctrine of *res judicata*. Specifically, *Waisome* found that the losing parties had raised and litigated an affirmative defense that JP Morgan violated TILA during the state court foreclosure proceeding. As such, *Waisome* held that the federal claims were precluded under the doctrine of *res judicata*.

38.     The holding in *Waisome* has been consistently applied in cases where a plaintiff is attempting to re-litigate the same claims or defenses that were decided at the state court level in a foreclosure proceeding. *See, e.g.*, *Salmon v. Aurora Loan Services, LLC*, 2016 U.S. Dist. LEXIS 21854 (M.D. Fla. Feb. 23, 2016) (dismissing a federal claim arising out of a state court foreclosure judgment based upon the *Rooker-Feldman* doctrine and *res judicata*); *Martinez v. Bank of America Corp.*, Case No.: 14:21467-CIV-MORENO (S.D. Fla. 2014) (holding that a complaint arising from a final state court judgment of foreclosure was barred by the doctrine of res judicata which prohibits litigation of issues already decided or issues that could have been decided by a final judgment in prior litigation. Also finding identity of the parties on the basis that defendants shared similar interests in the foreclosure action).

39.     Here, like in *Waisome*, the Plaintiff raised and litigated the Association's failure to comply with a condition precedent in the State Court Action. [D.E. #1, ¶60; Exhibit 1 hereto]. The State Court reviewed and considered her argument in opposition to the Association's motion for summary judgment. Nevertheless, the State Court entered a Final Judgment of Foreclosure in favor of the Association. Accordingly, the Plaintiff has already fully litigated the issues and the State Court rendered a final decision on the merits. As such, the Plaintiff is barred from seeking review of the same issues in this action under the doctrine of *res judicata*, and the Verified Complaint must be dismissed.

**IV.     Alternatively, this Court should abstain from entertaining Plaintiff's Verified Complaint pending complete resolution of the State Court Action appeal**

40.     In the event that this Court finds that the State Court Action is not concluded as to the Association, or that one or both of the foregoing doctrines do not apply to preclude subject matter jurisdiction, this Court should abstain from considering this Action in deference to the State Court Action.

41. The United State Supreme Court in *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976), set forth the federal abstention doctrine. The "Abstention Doctrine" applies "when federal and state proceedings involve[] substantially the same parties and substantially the same issues." *Beepot v. J.P. Morgan Chase Nat'l. Corp. Serv., Inc.*, 2011 U.S. Dist. LEXIS 113124, *25-26 (M.D. Fla. September 30, 2011).

42. In *Beepot*, the Middle District found that the "Abstention Doctrine" should apply because the state and federal proceedings were parallel, involving the same parties, the same transaction, and the same property. 2011 U.S. Dist. LEXIS 113124, at *26. Once that threshold finding was established, the Middle District analyzed the six (6) factors set forth in *Colorado River* to determine if the federal court should abstain from considering the case. Those factors are:

> (1) Whether one of the courts has assumed jurisdiction over property, (2) the inconvenience of the federal forum, (3) the potential for piecemeal litigation, (4) the other in which the fora obtained jurisdiction, (5) whether state or federal law will be applied, and (6) the adequacy of the state court to protect the parties' rights.

*Ambrosia Coal and Constr. Co. v. Pages Morales,* 368 F.3d 1320, 1327 (11th Cir. 2004).

43. In addition to the six factors, the courts will also two other policy considerations that influence whether the *Colorado River* abstention doctrine will apply: (1) whether the litigation is "vexatious or reactive in nature," and (2) whether the concurrent cases involve a federal statute that evinces a policy favoring abstention." *Id.*

44. Here, a review of the foregoing factors weigh in favor of abstention.

45. Significantly, the Florida court in the State Court Action has assumed jurisdiction of the Florida property, satisfying the first, and probably, the most important factor. *See, Beepot*, 2011 U.S. Dist. LEXIS 113124, *29-30 (finding that such facts are the most important factor in considering the abstention doctrine concerning a state foreclosure judgment).

46. The convenience of the forum is neutral. *Id.*

47. The potential for piecemeal litigation weighs significantly in favor of abstention. Indeed, like in *Beepot*, if both of these actions were to proceed independently, there is a great risk of inconsistent and contrary results. Such a result would undoubtedly throw the ownership of the Plaintiff's property into great turmoil. *Id.* at *31. Thus, staying this case will reduce the cost of litigation, reduce duplicative proceedings, promote judicial economy, and avoid inconsistent results. *Id.* at *31-32.

48. Additionally, this Court should consider the fourth and fifth factors together like in *Beepot*. Specifically, the State Court has already assumed jurisdiction over the Plaintiff's claims that the Association failed to comply with a condition precedent. Further, "the core dispute is a [lien] foreclosure on residential real estate, a subject typically adjudged in the state court and governed by state law." *Beepot*, at *32-33 (citing *Preston v. Fishman*, 2011 U.S. Dist. LEXIS 5854, *2 (M.D. Fla. Jan. 14, 2011). As such, the fourth and fifth factors are satisfied.

49. As for the sixth factor, there is nothing that the Plaintiff can show that would indicate that the State Court is incapable of protecting her rights. "State courts routinely entertain federal statutory [and constitutional] claims, as counterclaims or affirmative defenses in state foreclosure actions. *Beepot*, at *33 (citations omitted). Thus, the Plaintiff was free to assert the claims brought here as defenses or counterclaims in the State Court Action.

50. Lastly, the additional policy considerations noted above clearly weigh in favor of abstention. Indeed, the Plaintiff admitted that she failed to pay her Association dues on the property. [D.E. #1, ¶54]. The State Court Action proceeded to Final Judgment on the Association's lien for unpaid assessments. Following the entry of Final Judgment of Foreclosure, the Plaintiff filed this action arguing that the State Court failed to provide due process of law and the Final

Judgment constitutes an unconstitutional judicial taking.  The Plaintiff's request for relief:  for this Court to declare the Final Judgment of Foreclosure void.  As such, there is no doubt that the Plaintiff is using this action as a means to thwart foreclosure of her residential property in the State Court Action.  Such an action is an inappropriate use of the federal court's resources.  Accordingly, this Court should abstain from considering the Plaintiff's claim against the Association.

51.    In sum, and in the alternative to the *Rooker-Feldman* and *res judicata* doctrine arguments above, an analysis of the *Colorado River* factors weigh heavily in favor of abstention.  As such, the appropriate action for this Court would be to stay this action in deference to the State Court Action.

**WHEREFORE**, Defendant, The Tennis Townhouses Condominium Association, Inc., hereby moves for an Order dismissing Plaintiff's Verified Complaint as it relates to the Association for lack of subject matter jurisdiction with prejudice, or in the alternative, abstain from considering this case in deference to the State Court Action, and any and all other relief this Court deems just and proper.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via CM/ECF this 25th  day of July, 2018 with electronic filing generated to the service list below.

>  */s/ Sean A. Mickley, Esq.*
>  SEAN A. MICKLEY
>  FBN: 0084494
>  GOULD COOKSEY FENNELL, P.A.
>  979 Beachland Blvd
>  Vero Beach, FL 32963
>  Ph: (772) 231-1100
>  Email:smickley@gouldcooksey.com
>  E-Service: sam-eservice@gouldcooksey.com
>  Counsel for Defendant, *The Tennis Townhouses Condominium Association, Inc.*

*Service List:*

Pamela B. Stuart *(Plaintiff, Pro Se)*
111 John's Island Drive #7
Vero Beach, FL  32963
pamstuart@aol.com