UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Fort Pierce Division

18-14244-cv-MARTINEZ/MAYNARD

PAMELA STUART,

       Plaintiff,

v.

CATHERINE S. RYAN, et al.,

       Defendants.
_____/

## DEFENDANT JEFFREY R. SMITH'S MOTION TO DISMISS AND SUPPORTING MEMORANDUM OF LAW

Defendant, Jeffrey R. Smith, as Clerk of the Circuit Court for Indian River County, Florida ("Defendant Clerk"), through counsel and pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) moves to dismiss Pamela B. Stuart's ("Plaintiff") Complaint with prejudice, stating:

### PROCEDURAL AND FACTUAL HISTORY[1]

This is a *pro se* lawsuit brought by Pamela B. Stuart to obtain injunctive relief, declaratory relief, to quiet title to a piece of real property in Indian River County, Florida, and to partition and sell said real property. (Dkt. 1). Defendant Clerk notes at the outset that Plaintiff's Complaint is a classic shotgun pleading; a practice that has been repeatedly condemned in the Eleventh Circuit since at least 1985. *T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, n.14 (11th Cir.1985) (J. Tjoflat, dissenting); *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F. 3d 955, 982 (11th Circ. 2008).

---

[1]. Defendant Clerk's Motion to Dismiss is centered in large part on the Court's lack of subject matter jurisdiction. The Court may consider matters outside the complaint when a challenge to subject matter jurisdiction is made. *Carmichael v. Kellogg, Brown & Root Serv.*, 572 F. 3d 1271, 1279 (11th Cir. 2009).

1

The Complaint pleads three (3) causes of action; however, only Count I is pled against Defendant Clerk.  Count II is pled against Co-Defendant Tennis Townhouses Condominium Association, Inc., and Count III is pled against Co-Defendants Dr. Catherine Ryan and Deborah Stuart.  Co-Defendant Tennis Association has filed its own motion to dismiss, which Defendant Clerk joins in part, as explained herein. (Dkt. 12).

In Count I, Plaintiff describes her cause of action as "Unconstitutional Taking of Plaintiff's Homestead, Her Interest In Her Father's Homestead Acquired by Descent, and Her Interest In Her Parents' Personal Property Acquired By Inheritance Without Due Process Of Law In Violation Of The Fifth Amendment." (Dkt. 1, p. 5).  By "Plaintiff's homestead," Plaintiff is referring to her real property located at 111 John's Island Drive #7, Vero Beach, FL 32963 (herein, "Plaintiff's John's Island property"). *Id*. at ¶1.  By Plaintiff's "interest in her father's homestead," Plaintiff is referring to real property located at 101 South Catalina Court, Vero Beach, FL 32962 that was owned by her late father, and was then bequeathed by document or as a matter of law to Plaintiff (herein, "Plaintiff's Catalina Court property"). *Id*. at section II, p. 4.  Plaintiff then engages in a recitation of factual allegations that in large part do not concern Defendant Clerk.  In fact, the undersigned has found it incredibly difficult to make heads or tails out of Plaintiff's allegations given the vacillation between allegations lodged against family members and the Florida state judiciary in the Nineteenth Judicial Circuit, all of which appear to relate to a Florida state court proceeding.

Regardless, Defendant Clerk will attempt to outline herein the pertinent allegations in Count I. In paragraphs 1-4 (and the second paragraph 3)[2], Plaintiff alleges she seeks a restraining order to prevent the sale of her above-referenced John's Island property.[3] (Dkt. 1). In paragraphs 4-8, Plaintiff gives background information on the defendants. *Id*. In paragraphs 9-31, Plaintiff alleges facts that have nothing to do with Defendant Clerk, such as her family's background, her service as trustee of her late father's trust, her purchase of real property, disputes over a townhouse investment, litigation over real property, and Plaintiff's medical issues. *Id*. In paragraphs 32-51, Plaintiff describes the Florida state court litigation filed against her as trustee of her late father's trust by Co-Defendants Catherine Ryan and Deborah Stuart. This Florida litigation, and the resulting adjudication of the Florida litigation, is at the heart of the instant lawsuit.

As explained herein and attached hereto as Exhibit A and B, Plaintiff was sued in 2013 in Florida state court by Co-Defendants Catherine Ryan and Deborah Stuart for breach of trust based on her conduct as trustee of her late father's trust and for return of $3,407,783.90 in loans Plaintiff took, but did not repay, from the trust. (Exhibit A: Order on Final Plan of Distribution at pp. 21-22, 27; Dkt. 1, ¶¶48-50). After a bench trial, the Florida state court entered an order that required Plaintiff to reimburse the trust the amount of $3,407,783.90 in said unpaid loans. *Id*., pp. 21-22, 27; Dkt. 1, ¶¶48-50. To ensure repayment, the Florida state court imposed an equitable lien against Plaintiff's John's Island property and her interest in the Catalina Court property. *Id*.; Dkt. 1, ¶¶48-50.

---

[2]. The Complaint has two paragraph 3's. Defendant Clerk is mentioned only in the second paragraph 3 found on page 7.

[3]. This Court has already denied Plaintiff's Motion for Temporary Restraining Order to stop the sale. (Dkt. 12).

Plaintiff appealed the Order on Final Plan of Distribution to Florida's Fourth District Court of Appeal. (Exhibit B). Specifically, Plaintiff appealed (a) the Florida state court's determination that the John's Island property and Catalina Court property were not Plaintiff's homestead and (b) the Florida state court's imposition of an equitable lien against Plaintiff's interest in those properties. On November 29, 2017, the Fourth District issued an opinion affirming the Florida state court's order in all pertinent respects. *Id*. Specifically, the Fourth District held that Plaintiff's Florida properties (John's Island property and Catalina Court property) were not her homestead, and furthermore, the Florida trial court was correct in imposing an equitable lien against Plaintiff's interest in those properties. *Stuart v. Stuart*, 232 So. 3d 418 (Fla. 4th DCA 2017); *cert denied*, 2018 Fla. LEXIS 829 (April 9, 2018).

In sum, Plaintiff's claim in Count I is a direct attack on the Florida state court's order (affirmed on appeal) imposing an equitable lien on Plaintiff's John's Island property and her interest in the Catalina Court property. Indeed, in the wherefore clause Plaintiff specifically asks this Court to declare these properties her homestead properties and stop Defendant Clerk from issuing a certificate of title on her John's Island property. (Dkt. 1). As this Court knows, Plaintiff filed a motion to stop the sale of her John's Island property in satisfaction of the equitable lien, but this Court's order denying Plaintiff's motion allowed the sale to proceed (Dkt. 12) and a certificate of title has been issued. (Exhibit C).

Defendant Clerk respectfully requests that the Court dismiss the Complaint with prejudice for (1) failure to state a cause of action, (2) *Rooker-Feldman* Doctrine, (3) Abstention Doctrine, (4) Judicial Immunity, (5) Qualified Immunity, and (6) Failure to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.

## **STANDARD OF REVIEW**

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court retired the "unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief" standard under Fed. R. Civ. P. 8(a)(2).  To survive a motion to dismiss, a complaint must allege factual allegations which are enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true.  "While a complaint...does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555.  In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court confirmed that *Twombly* applies to all civil lawsuits, not just antitrust cases or complex cases.

In *American Dental Association v. Cigna Corporation*, 605 F. 3d 1283, 1289 (11th Cir. 2010), the Eleventh Circuit thoroughly interpreted *Twombly* and *Iqbal* as follows:

> **First**, the Court held that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  **Second**, restating the plausibility standard, the Court held that where the well-pleaded facts do not permit the court to infer more than mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.  The Court suggested that courts considering motions to dismiss adopt a two-pronged approach in applying these principles: (1) eliminate any allegations in the complaint that are merely legal conclusions; and (2) where there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.  **Importantly, the Court held in *Iqbal*, as it held in *Twombly*, that courts may infer from the factual allegations in the complaint obvious alternative explanations, which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer**.

*Id*. at 1290 (Emphasis added).

## **MEMORANDUM OF LAW**

**I.     Failure to State a Claim for Relief.**

Defendant Clerk is named as a defendant solely in Count I, and even therein, Defendant Clerk is mentioned solely in the second paragraph 3 and the wherefore clause. However, Plaintiff does not allege any wrongdoing on the part of Defendant Clerk. Instead, Plaintiff alleges that Defendant Clerk may ultimately carry out his duty to comply with a state court order (that was affirmed on appeal) directing the sale of the real property at issue in this case and issuing a certificate of title. As stated above, this Court already denied Plaintiff's Motion for Temporary Restraining Order to stop the sale, the sale went through, and Defendant Clerk has issued a certificate of title.

In sum, Plaintiff has failed to satisfy the Supreme Court's dictate in *Twombly* and *Iqbal* to provide the specific grounds of her entitlement to relief through more than labels and conclusions. The entirety of Count I concerns Plaintiff's family squabble with Co-Defendants Catherine Ryan and Deborah Stuart. That litigation resulted in an order against Plaintiff imposing an equitable lien against her Florida real properties. The Fourth District Court of Appeal affirmed the Florida state court's order. Plaintiff does not allege, because the facts do not allow her to allege, that Defendant Clerk had anything to do with imposition of the equitable lien or foreclosure sale of Plaintiff's Florida real property, with the lone exception being Defendant Clerk's statutory duty to carry out the sale. Simply put, Plaintiff fails to allege any connection or nexus between Defendant Clerk and the allegations of wrongdoing that Plaintiff contends resulted in the real property being sold at a foreclosure auction. Therefore, the Court should dismiss Defendant Clerk as a defendant with prejudice because Plaintiff can plead no set of facts that would support a cause of action against Defendant Clerk.

**II.     The *Rooker-Feldman* Doctrine Deprives This Court of Jurisdiction.**

The *Rooker-Feldman* Doctrine deprives federal courts of subject matter jurisdiction where a party, dissatisfied with a result in state court, sues in federal court seeking to set aside the state-court judgment and requesting a remedy for an injury caused by that judgment. *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Bedasee v. Fremont Inv. & Loan Co.*, 2018 U.S. App. LEXIS 18530 (11th Cir. 2018). Additionally, a litigant may not attempt to circumvent the effect of *Rooker-Feldman* and seek a reversal of a state court judgment simply by casting the complaint in the form of a civil rights action. *Johnson v. Orr*, 551 F.3d 564 (7th Cir. Ill. 2008).

Defendant Clerk adopts Defendant Tennis Association's argument for dismissal under the *Rooker-Feldman* Doctrine, as set forth in Section II of its Motion to Dismiss. (Dkt. 21). While Defendant Clerk and the Tennis Association are separate parties, the argument under the *Rooker-Feldman* Doctrine is basically the same and for the sake of efficiency, Defendant Clerk will simply adopt and incorporate the argument herein, with the following additional argument.

In *Harris v. Suntrust Mortg., Inc.*, 2013 WL 1120846 (M.D. N.C. March 18, 2013), the North Carolina District Court applied *Rooker-Feldman* to dismiss a complaint in which the plaintiff sued, among others, the county court clerks for their role in overseeing a foreclosure sale following a state court judgment of foreclosure. In that case, like here, the clerks were merely carrying out the state court's order directing the foreclosure sale of real property and were not directly accused of any independent wrongdoing. As noted below, the dismissal in favor of the court clerks was based on judicial immunity as well as *Rooker-Feldman*.

Additionally, the Eleventh Circuit in *Bedasee* affirmed the dismissal of a lawsuit based on *Rooker-Feldman* that sought to attack a Florida judgment of foreclosure. 2018 U.S. App. LEXIS 18530. In *Bedasee*, the plaintiff was party to a state court proceeding that resulted in a judgment of foreclosure. *Id.* at *4. The plaintiff then filed a lawsuit in federal court seeking to overturn the state court foreclosure judgment based on numerous grounds, including due process of law and violation of various federal statutes. *Id.* The Court noted that even though the plaintiff raised new federal claims in the federal lawsuit, nothing prevented plaintiff from raising those claims in the state court action. *Id.* at *5. In rejecting plaintiff's claims, the Court stated "in short, plaintiffs lost in state court and they now seek a do-over in federal court with the goal of having the district court 'review and reject' the state foreclosure judgment: an action that is exactly what the *Rooker-Feldman* doctrine prohibits." *Id*; see also *Figueroa v. Merscorp, Inc.*, 477 Fed. Appx. 558 (11th Cir. 2012) (affirming dismissal of complaint filed under RICO based on *Rooker-Feldman* because the federal complaint's allegations were intertwined with the state court judgment of foreclosure).

Here, the undisputed facts alleged in the Complaint, and Exhibits A-C attached hereto, demonstrate that Plaintiff's federal court complaint is based on the exact same factual and legal circumstances as the Florida state court action. Specifically, in the Florida state court action Plaintiff was found to owe the trust of her late father $3,407,783.90 in unpaid loans, and to secure payment, the state court imposed equitable liens on Plaintiff's John's Island property and her interest in the Catalina Court property. Plaintiff opposed the equitable liens in part on the ground that said properties were here homestead and could not be taken under Florida law. Plaintiff lost that argument in the trial court and on appeal.

8

The Florida state court order imposing the equitable liens, as affirmed by Florida's Fourth District Court of Appeal, forms the basis of, or at least is intertwined with the injury complained of in the instant lawsuit. *Casale v. Tillman*, 558 F. 3d 1258, 1260-61 (11th Circ. 2009) (*Rooker-Feldman* bars lower federal court jurisdiction in cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments). The law is clear that *Rooker-Feldman* applies even if plaintiff raises new or different claims in the federal forum, provided said claims are intertwined with the state court judgment. *Figueroa*, 477 Fed. Appx. 558, 561 (rejecting argument that *Rooker-Feldman* did not apply because he lacked opportunity to litigate RICO claim in state court); *Bedasee* (rejecting argument *Rooker-Feldman* did not apply given plaintiff alleged federal claims because nothing suggested plaintiff was unable to plead her federal claims in state court). Plaintiff admits that she wants this Court to overturn the Florida state court judgment in the wherefore clause of Count I: "plaintiff requests that this court…declare the orders of the Florida state courts in violation of the US Constitution are unconstitutional and null and void and of no force and effect…prohibit the Clerk of Circuit Court from issuing a certificate of title…order that Pamela Stuart's interest in her father's homestead residence be restored." (Dkt. 1).

In sum, Plaintiff has already litigated and lost in Florida state court the imposition of an equitable lien on her Florida real properties and foreclosure on said properties. Plaintiff's instant Complaint is an attempt at re-litigating that issue under the guise of a civil rights action. As a result, the Court should apply *Rooker-Feldman* and dismiss the Complaint with prejudice.

**III.     This Court Should Abstain From Hearing Plaintiff's Case.**

Defendant Clerk adopts Defendant Tennis Association's argument for abstention under *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976), as set forth in Section IV of its Motion to Dismiss.  (Dkt. 21).  While Defendant Clerk and the Tennis Association are separate parties, the argument for federal court abstention under *Colorado River* and its progeny is basically the same and for the sake of efficiency, Defendant Clerk will simply adopt and incorporate the argument herein.

**IV.     Defendant Clerk Is Entitled to Judicial Immunity.**

Defendant Clerk is entitled to judicial immunity from suit.  While Plaintiff has failed to allege facts sufficient to state a claim, even if she did, Defendant Clerk was merely performing his statutory duties to receive court filings for processing into the official court record and/or official county record, and to conduct a foreclosure sale as ordered by the trial court.  Thus, all of his acts were integral to the judicial process and, therefore, protected by judicial immunity. *Stump v. Sparkman*, 435 U.S. 349 (1978); *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Eades v. SterlinskeI,* 810 F. 2d. 723 (7th Cir. 1987) (clerk of court entitled to absolute judicial immunity because their duties were integral to the judicial process, even though the judge's conduct was reprehensible); *Bugoni v. Slosberg*, 2011 WL 579228 (S.D. Fla. February 9, 2011) (clerks of court were entitled to judicial immunity because their acts were integral to the judicial process); *Eye v. Cohn*, 2011 WL 5508484 (S.D. Fla. November 8, 2011) (federal district court clerk is entitled to absolute immunity for exercising his discretion to cease trying to deliver copies of filings after several previous attempts failed); *Zoba v. City of Coral Springs*, 189 So. 3d 888 (Fla. 4th DCA 2016 (Clerk of court entitled to judicial immunity for retaining funds paid as a result of traffic infractions).

A judicial officer's absolute judicial immunity remains entirely intact even when his exercise of judicial authority is mistaken or plagued by procedural errors, as alleged by Plaintiff herein. *Stump*, 435 U.S. 349. Immunity survives even when the challenged conduct derives from wholly erroneous judicial decisions. *See McDaniel v. Harrell*, 81 So. 66 (Fla. 1921).

Here, Plaintiff does not allege that Defendant Clerk did anything wrong, that he had anything to do with imposition of the order granting equitable liens on Plaintiff's John's Island or Catalina Court properties, or foreclosure of Plaintiff's John's Island property. To the contrary, Plaintiff mentions Defendant Clerk in passing in the second paragraph 3 when she acknowledges the fact that Defendant Clerk would be responsible for carrying out the sale of her Florida real property. As stated above, that sale already happened since this Court denied Plaintiff's motion for temporary restraining order.

In sum, the Court should dismiss Defendant Clerk from the lawsuit, with prejudice, based on judicial immunity. As stated above, Defendant Clerk merely complied with the state court order directing the sale of the real property. Even if that order was erroneous, Defendant Clerk is entitled to judicial immunity. *Harris*, 2013 WL 1120846, *20 (court clerks who were sued for deprivation of a landowner's civil rights simply for carrying out their responsibility to oversee a judicial sale are protected from suit by judicial immunity).

**V.     Defendant Clerk Is Entitled to Qualified Immunity.**

Defendant Clerk is also protected from suit by qualified immunity. *Snyder v. Nolen*, 380 F. 3d 279 (7th Cir. 2004) (clerk of court was entitled to qualified immunity for the performance of ministerial tasks and plaintiff failed to state a claim for deprivation of federal constitutional rights); *Shipp v. Todd*, 568 F. 2d 133 (9th Cir. 1978); *McLallen v. Henderson*, 492 F. 2d 1298 (8th Cir. 1974); *McCray v. Maryland*, 456 F. 2d 1 (4th Cir. 1972).

11

In *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), the Supreme Court held that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person should have known.  *See also Lumley v. City of Dade City*, 327 F. 3d 1186 (11th Cir. 2003).  A government official must first demonstrate that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred.  *Rich v. Dollar*, 841 F. 2d 1558 (11th Cir. 1988).  If the defendant satisfies this burden, the first prong of the test requires the plaintiff to show either that the official's actions violated clearly established constitutional law or a federal statute.  *Id*.  If no constitutional right would have been violated were the allegations established, there is no necessity for further inquires concerning qualified immunity.  *Id*.  However, if a constitutional right would have been violated under plaintiff's version of facts, the next step is to ask whether the right was clearly established.  *Id*.

Here, Plaintiff fails to allege any set of facts that show Defendant Clerk was involved, directly or indirectly, in the acts that form the basis for the Complaint, other than conducting the foreclosure sale, which this Court allowed to go through when it denied Plaintiff's Motion for Temporary Restraining Order. While Defendant Clerk contends he would be entitled to judicial immunity, even if he was not, he most certainly is entitled to qualified immunity.  Specifically, Plaintiff cannot show that anything Defendant Clerk did clearly violated Plaintiff's established constitutional or federal rights.

In sum, Defendant Clerk should be dismissed from this lawsuit, with prejudice, based on qualified immunity.

**VI.     The Complaint Should Be Dismissed Under Fed. R. Civ. P. 8 and 10.**

Plaintiff's Complaint is forty-one (41) pages long and consists of seventy-nine (79) separately numbered paragraphs that present a rambling story of family squabbles, state court proceedings, complaints about state court judges, and other impertinent and scandalous material.

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 10(b) provides in pertinent part: A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.

Plaintiff's Complaint falls far short of these requirements. Indeed, the Complaint is a classic shotgun pleading *T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, n.14 (11th Cir.1985) (J. Tjoflat, dissenting) (The purpose of these rules (Rules 8 and 10) is self-evident, to require the pleader to present his claims discretely and succinctly, so that, his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not. "Shotgun" pleadings, calculated to confuse the "enemy," and the court, so that theories for relief not provided by law and which can prejudice an opponent's case, especially before the jury, can be masked, are flatly forbidden by the [spirit], if not the [letter], of these rules).

In sum, the Complaint should be dismissed under Fed. R. Civ. P. 8 and 10.

**CONCLUSION**

Based on the foregoing, the Court should dismiss Defendant Clerk from this lawsuit, with prejudice, and award such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Jason L. Odom
Jason L. Odom
Florida Bar No. 0476950
jodom@gouldcooksey.com
Gould Cooksey Fennell, P.A.
979 Beachland Blvd
Vero Beach, FL 32963
Telephone: (772) 231-1100-Telephone
Facsimile (772) 231-2020-Facsimile
Attorney for Defendant Jeffery R. Smith

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 30th, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on this date on the following counsel of record or pro se parties in the manner specified, either via transmission of Notices or Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are authorized to receive electronically Notices of Electronic Filing:

/s/ Jason L. Odom
Jason L. Odom

## **SERVICE LIST**

Pamela B. Stuart
111 John's Island Drive #7
Vero Beach, FL 32963
pamstuart@aol.com