UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Fort Pierce Division

18-14244-cv-MARTINEZ/MAYNARD

PAMELA STUART,

    Plaintiff,

v.

CATHERINE S. RYAN, et al.,

    Defendants.

_____/

**DEFENDANT JEFFREY R. SMITH'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSIITON TO DEFENDANT'S MOTION TO DISMISS**

Defendant, Jeffrey R. Smith, as Clerk of the Circuit Court for Indian River County, Florida ("Defendant Clerk"), through counsel, files this Reply to Plaintiff's Response in Opposition to Defendant Clerk's Motion to Dismiss (Dkt. 22), stating:

**I.    Plaintiff concedes that Defendant Clerk is entitled to Judicial Immunity.**

Plaintiff's Response in Opposition to Defendant Clerk's Motion to Dismiss concedes that Defendant Clerk is entitled to judicial immunity. (Dkt. 36, p. 16). Specifically, Plaintiff states Defendant Clerk's "claim that he is entitled to judicial immunity is meritorious in that the actions complained of with respect to him constitute duties integral to the judicial process. He was named as a party primarily because of the request for injunctive relief that is now largely moot." *Id*. p. 16, ¶3. Plaintiff does not argue that Defendant Clerk's entitlement to judicial immunity is subject to an exception or that it should not be invoked for any reason. In fact, Plaintiff concludes her response by stating "WHEREFORE, Plaintiff suggests that the motion of Jeffrey R. Smith be denied in part and granted in part." *Id*., p. 17.

1

Plaintiff acknowledges that Defendant Clerk's Motion to Dismiss should be granted as to judicial immunity, but she is apparently under the impression that Defendant Clerk should remain a defendant in the case, perhaps for purposes of injunctive relief. Plaintiff is mistaken. While judicial immunity previously applied only to claims for money damages, *Pullman v. Allen*, 466 U.S. 522 (1984), Congress overruled *Pullman* by enacting the Federal Courts Improvement Act of 1996 ("FCIA"), Pub. L. No. 104-317, 110 Stat. 3847 (1996) amending 42 U.S.C. §1983. Section 309(c) of FCIA bars injunctive relief in any Section 1983 action "against a judicial officer for an act or omission taken in such officer's judicial capacity…unless a declaratory decree was violated or declaratory relief was unavailable." Thus, the doctrine of judicial immunity in Section 1983 litigation includes suits for injunctive relief. *Knox v. Bland*, 632 F. 3d 1290, 1292 (10th Cir. 2011); *Roth v. King*, 449 F. 3d 1272, 1286 (D.C. Cir. 2006) (Section 1983, as amended, explicitly immunizes judicial officers against suits for injunctive relief); *Kuhn v. Thompson*, 304 F. Supp. 2d 1313 (M.D. Ala. 2004).

Here, Plaintiff has not alleged violation of a declaratory decree or that declaratory relief was unavailable (Dkt. 1), and her claim for injunctive relief is, as she concedes, "largely moot" since this Court denied her application for a restraining order to prevent the sale of her property. (Dkt. 36, p. 16). The Court can dismiss Plaintiff's Complaint based solely on Plaintiff's concession that Defendant Clerk is entitled to judicial immunity, and her claim for injunctive relief is similarly barred under Section 1983 based on FCIA. *Kuhn*, 304 F. Supp. 2d at 1335 (Judicial immunity protected a judicial officer from a suit claiming prospective injunctive relief); *Ives v. Agastoni*, 2015 U.S. Dist. LEXIS 60267 (D.C. MA. April 3, 2015) (judicial immunity bars claims against judicial officers, even if the relief is in the form of an injunction).

Additionally, Plaintiff's inclusion of a request for declaratory relief in the Complaint does not save her from dismissal based on judicial immunity. *Guerin v. Higgins*, 8 F. App'x 31, 32 (2d Cir. 2001) (Plaintiff cannot avoid application of judicial immunity through a claim for declaratory relief based on *Pullman* because *Pullman* was overruled by Congress). Regardless, even though Plaintiff's Complaint alleges she seeks declaratory relief, it does not seek declaratory relief in the true legal sense. The Federal Declaratory Judgment Act only gives the federal courts "competence to make a declaration of rights; it does not impose a duty to do so." *Ameritas Variable Life Ins. Co. v. Roach*, 411 F. 3d 1328, 1330 (11th Cir. 2005). Moreover, a "declaratory judgment is meant to define the legal rights and obligations of the parties in anticipation of some future conduct, not simply to proclaim liability for a past act." *Utah Animal Rights Coalition v. Salt Lake City Corp.*, 371 F. 3d 1248, 1266 (10th Cir. 2004) (McConnell, J., concurring); *Brown v. State*, 511 Fed. App'x 4, 7 (1st Cir. 2013); *Jarita Mesa Livestock Grazing Ass'n v. United States*, 921 F. Supp. 2d. 1137, 1194 (D. N.M. 2013) (Declaratory relief is not appropriate to declare that past acts violated the Constitution).

Here, Plaintiff's request for declaratory relief is aimed solely at redressing alleged <u>past</u> wrongs. (See, Dkt. 1, p. 29 asking this Court to declare the orders of the Florida state courts in violation of the US Constitution...and restore Plaintiff's ownership of her real property). This is not an appropriate form of declaratory relief. *Brown*, *Jarita*, supra. Indeed, 12 pages of Plaintiff's 17-page response are devoted to re-arguing the merits of her failed state court claim. (Dkt. 36, pp. 4-16). Even if Plaintiff were to amend her complaint to seek declaratory relief defining the rights and obligations of the parties regarding some future conduct, "it is beyond the powers of a federal court to promulgate rules for a state court" *Nollet v. Justices of Trial Court of Mass.*, 83 F. Supp. 2d 204, 210 (D. Mass. 2000) and barred by judicial immunity.

Finally, having failed to get around the limits on Section 1983 imposed by FCIA, there are only two sets of circumstances in which judicial immunity is overcome: non-judicial actions or judicial actions taken in the complete absence of jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Neither exception exists in this case, because Plaintiff concedes that Defendant Clerk was acting within his discretion in carrying out his duties which were integral to the judicial process. (Dkt. 36, p. 16). In fact, Plaintiff concedes in the wherefore clause of her response that Defendant Clerk's Motion should be granted as to judicial immunity. *Id*., p. 17.

Based on the foregoing, the Court should grant Defendant Clerk's Motion to Dismiss, with prejudice, based on judicial immunity. *Kuhn*, 304 F. Supp. 2d at 1323 (where a plaintiff does not allege that the judicial defendant violated a declaratory decree or declaratory relief was unavailable, judicial immunity requires dismissal of the claims against judicial officers even when the claims seek prospective injunctive relief); *Ackerman v. Doyle*, 43 F. Supp. 2d 265, 272 (E.D. N.Y. 1999) (dismissing claim under s. 1983 for injunctive relief against judicial officers).

## II.     Plaintiff failed to adequately rebut Defendant Clerk's *Rooker Feldman* argument

Plaintiff attempted to rebut Defendant Clerk's invocation of the *Rooker Feldman* doctrine by arguing she has "presented an independent claim of a judicial taking that was not presented to the trial court in the foreclosure matter because the judicial taking related to the foreclosure had not yet occurred." (Dkt. 36, p. 3). Plaintiff then goes on for the next twelve pages re-arguing the merits of the state court action and detailing why the state court[1] was wrong to allow Defendants Ryan and Stuart to sell Plaintiff's real property to satisfy judgments in favor of Defendants Ryan and Stuart. *Id*. pp. 3-16. Regardless, Plaintiff's attempt to avoid application of *Rooker Feldman* fails for the following reasons.

---

[1]. Notably, the Florida state court addressed Plaintiff's arguments in its detailed Order on Final Plan of Distribution. (Dkt. 22-1).

The law is clear that *Rooker-Feldman* applies even if plaintiff raises new or different claims in the federal forum, provided said claims are intertwined with the state court judgment. *Figueroa v. Merscorp, Inc.*, 477 Fed. Appx. 558 (11th Cir. 2012) (rejecting argument that *Rooker-Feldman* did not apply because he lacked opportunity to litigate RICO claim in state court and affirming dismissal of complaint because the federal complaint's allegations were intertwined with the state court judgment of foreclosure); *Bedasee v. Fremont Inv. & Loan Co.*, 2018 U.S. App. LEXIS 18530 (11th Cir. 2018) (rejecting argument *Rooker-Feldman* did not apply given plaintiff alleged federal claims because nothing suggested plaintiff was unable to plead her federal claims in state court). Additionally, a litigant cannot avoid *Rooker-Feldman* simply by alleging a civil rights action. *Johnson v. Orr*, 551 F.3d 564 (7th Cir. 2008).

Here, Plaintiff had the ability to raise her Section 1983 "judicial takings" claims in defense of the Florida litigation because state courts have concurrent jurisdiction over such claims. *Haywood v. Drown*, 556 U.S. 729 (2009); *Corn v. Lauderdale Lakes*, 816 F. 2d 1514, 1520, n. 9 (11th Cir. 1987) (citing *Lloyd v. Page*, 474 So. 2d 865 (Fla. 1st DCA 1985) (Florida courts have concurrent jurisdiction over Section 1983 claims)); *Jesson, Inc. v. Tedder*, 481 So. 2d 554 (Fla. 4th DCA 1986) (adopting *Lloyd*). She chose not to do so, and instead, is attempting to circumvent the *Rooker Feldman* doctrine by casting the complaint in the form of a civil rights action. *Johnson*, 551 F. 3d 564; *Bedasee* at *5 (affirming dismissal under *Rooker Feldman* because nothing prevented plaintiff from raising the claims in the state court action); *Figueroa* (affirming dismissal of complaint filed under RICO based on *Rooker-Feldman* because the federal complaint's allegations were intertwined with the state court judgment of foreclosure).

### III. <u>Plaintiff failed to rebut qualified immunity</u>

Defendant Clerk moved to dismiss on the grounds of qualified immunity in event the Court disagreed with him as to judicial immunity. While Plaintiff briefly addressed Defendant Clerk's judicial immunity argument (essentially agreeing with Defendant Clerk), Plaintiff wholly failed to address Defendant Clerk's arguments as to qualified immunity.

### IV. <u>Plaintiff failed to adequately rebut dismissal for failure to state a claim</u>

Plaintiff's response does not state how she has stated a proper claim for relief against Defendant Clerk. On page 2, Plaintiff includes a very brief reply to Defendant Clerk's argument: "if plaintiff's homestead is sold at a foreclosure auction…by Jeffrey R. Smith…plaintiff will suffer irreparable harm….Since the time that the complaint was filed, Defendant Smith went ahead and issued the certificate of title, an action which plaintiff sought to enjoin…He then became partially responsible for the irreparable harm that plaintiff suffered when her permanent residence was sold at auction." (Dkt. 36, p. 2 at ¶¶2-3).

Defendant Clerk merely complied with his statutory duties to conduct the sale and issue a certificate of sale and title pursuant to Section 45.031(4), Fla. Stat. (Dkt. 22-3). Defendant Clerk's compliance cannot, without more, constitute a violation of Section 1983 and/or Plaintiff's constitutional rights. To the contrary, Plaintiff's argument demonstrates exactly why Defendant Clerk is entitled to judicial immunity and the complaint dismissed with prejudice.

V. **Plaintiff failed to adequately rebut dismissal based on Rules 8 and 10, FRCP**

Plaintiff's response merely proclaims her Complaint is not a shotgun pleading and complies with Rules 8 and 10. (Dkt. 36, pp. 1, 16-17). However, Plaintiff's Complaint is indeed a shotgun pleading that does not comply with Rules 8 and 10 and should therefore be dismissed.

The dismissal should indeed be with prejudice, as articulated in Defendant Clerk's Motion, because Plaintiff cannot amend with a set of facts that could possibly state a claim against Defendant Clerk that would survive dismissal on all grounds, especially judicial immunity.

**CONCLUSION**

Based on the foregoing, the Court should dismiss Defendant Clerk from this lawsuit, with prejudice, and award such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Jason L. Odom
Jason L. Odom
Florida Bar No. 0476950
jodom@gouldcooksey.com
Gould Cooksey Fennell, P.A.
979 Beachland Blvd
Vero Beach, FL 32963
Telephone: (772) 231-1100-Telephone
Facsimile (772) 231-2020-Facsimile
Attorney for Defendant Jeffery R. Smith

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 14th, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on this date on the following counsel of record or pro se parties in the manner specified, either via transmission of Notices or Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are authorized to receive electronically Notices of Electronic Filing:

/s/ Jason L. Odom
Jason L. Odom

## SERVICE LIST

*Pro Se*
Pamela B. Stuart
111 John's Island Drive #7
Vero Beach, FL 32963
pamstuart@aol.com

*Attorney for Defendant – Tennis Townhouses Condominium Assoc., Inc.*
Sean A. Mickley, Esq.
Gould Cooksey Fennell, PLLC
979 Beachland Blvd.
Vero Beach, FL 32963
smickley@gouldcooksey.com

*Attorney for Defendants – Catherine Ryan and Deborah Stuart*
C. Douglas Vitunac, Esq.
Collins, Brown, Barkett, Garavaglia and Lawn, Chrtd.
756 Beachland Blvd.
Vero Beach, FL 32963
dvitunacpleadings@verolaw.com

*Attorney for Defendant – State of Florida*
Maria Guitian Barker, Esq.
Asst. Attorney General
State of Florida
110 S.E. 6th Street, 10th Floor
Ft. Lauderdale, FL 33301
Maria.guitianbarker@mMyFloridalegal.com