UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

FORT PIERCE DIVISION

PAMELA B. STUART )
Vero Beach, Florida )
 )
v. ) Case No.  2:18-cv-14244-JEM
 )
CATHERINE S. RYAN )
 )
DEBORAH A. STUART )
 )
THE TENNIS TOWNHOUSES )
ASSOCIATION, INC. )
 )
JEFFREY R. SMITH, )
 )
THE STATE OF FLORIDA, )
 )
   Defendants. )
 )
_____ )

FILED BY  CGA  Deputy Clerk
Aug 20, 2018
STEVEN M. LARIMORE
CLERK U.S. DISTRICT CT.
S.D. OF FLA. Fort Pierce

PLAINTIFF'S OPPOSITION TO DEFENDANT STATE OF FLORIDA'S
MOTION TO DISMISS

Plaintiff Pamela Stuart hereby opposes the State of Florida's Motion to Dismiss her complaint and relies on the following points and authorities for her opposition.

The State of Florida is being sued because the actions of judges of the Florida State courts amounted to unconstitutional judicial takings for which just compensation may be the only available remedy now that the state courts have transferred title to Plaintiff's homestead to defendants Ryan and Stuart. Plaintiff's partition action alleges that the state courts, without subject matter jurisdiction, ordered Plaintiff's one-third interest in her father's homestead and her parents' personal property governed by their wills to be given to defendants Ryan and Stuart.

The State of Florida says that the complaint must be dismissed for lack of justiciability, the Eleventh Amendment, the *Rooker-Feldman* doctrine, and the *Younger* abstention doctrine. The State of Florida also asserts that the complaint fails to state a cause of action against the State and did not state a cause of action under 42 U.S.C. § 1983 against the State of Florida. Plaintiff will address each of these concerns.

**Justiciability.** The State of Florida claims that the complaint fails to name as defendants any adversaries that are related to the state. It may be the case that this is the first judicial takings claim that the State has faced since *Stop the Beach Renourishment v. Florida Department of Environmental Protection*, 560 U.S. 702 (2010).. The "adversaries" are state judicial officers including judges and the Clerk of the Circuit Court for Indian River County that are officers and agents of the State of Florida. Plaintiff has suffered an injury in fact – loss of her permanent residence in Florida contrary to the Florida statutes and Constitution and the U.S. Constitution and her interest in her father's homestead and her parents' personal property – due to the actions of agents of the State of Florida which were taken within the scope of their employment by the State.

**Standing.** The relief sought from the State of Florida is possible compensation for the unlawful taking of plaintiff's property, not just a declaratory judgment. The illegal actions of the state courts give Plaintiff an immediate fear that she will not receive justice in those courts now or in the future.

**Eleventh Amendment immunity.** The State has consented to be sued in § 768.28, Florida Statutes. Each day that plaintiff is not able to reside at home in her homestead in Vero Beach is a continuing violation of her Constitutional rights to that property which she purchased

2

with her own funds and not with any ill-gotten gains. It is a continuing violation of federal law under the U.S. Constitution.

**Rooker-Feldman doctrine**. Plaintiff's complaint has stated an independent cause of action apart from those litigated in the Florida state courts. Plaintiff incorporates by reference her arguments on this topic in her opposition to the Motions to Dismiss filed by the Tennis Townhouses Condominium Association, Inc., Catherine Ryan and Deborah Stuart, and Jeffrey R. Smith.

**Younger abstention doctrine**. Plaintiff incorporates by reference her argument with respect to abstention as set forth in her opposition to the Motion to Dismiss filed by the Tennis Townhouses Condominium, Inc.

**Failure to State a Cause of Action.** Plaintiff did not sue the state court judges who are agents of the State of Florida for which the State has liability under the principle of *respondeat superior*. While the State may not be a "person" under 42 U.S.C. § 1983 jurisprudence, its agents most certainly are persons. Plaintiff suspects that the State could not make this argument with a straight face if a state trooper were accused of unconstitutional actions. The same is true of a state judge who has judicial immunity.

**Judicial Immunity.** The individual judges may not be sued because they have judicial immunity. That immunity does not extend to their employer, the State of Florida, which has waived its sovereign immunity under circumstances that would incorporate the illegal actions complained of by plaintiff. § 768.28, Florida Statutes.

**Dismissal with prejudice.** Justices Scalia, Roberts, Alito, Thomas, Kennedy, and Sotomayor agree that when a state court takes property against the established property law of the

state that the state has liability under either the Takings Clause of the Fifth Amendment as applied to the States under the 14th Amendment and/or the Due Process Clause of the Fourteenth Amendment. *Stop the Beach Renourishment v. Florida Department of Environmental Protection.* This is not a frivolous case as the State asserts.

WHEREFORE, for the foregoing reasons, Plaintiff asserts that the State of Florida's Motion to Dismiss must be denied.

Dated August 11, 2018               Respectfully submitted,

/s/ Pamela B. Stuart

Plaintiff *pro se*
P.M.B. #8202
6001 Highway A1A
Indian River Shores, FL 32963-1014
(202) 999-2374 (cell)
(202) 244-0723 (landline)
pamstuart@aol.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have sent the original of the foregoing Opposition to the Motion to Dismiss of the State of Florida to the Clerk of the Court for filing via Federal Express and that I am serving a copy on counsel via electronic mail at their email addresses provided on their motions since I am not yet permitted to use the court's CM/ECF system this 11th day of August, 2018.

/s/ Pamela B. Stuart

PAMELA B. STUART

copies to:

4

Maria Guitian Barker, Esq.
Assistant Attorney General
State of Florida
110 S.E. 6th Street, 10th Floor
Ft. Lauderdale, FL 33301
maria.guitianbarker@mMyFloridalegal.com

      Counsel for the State of Florida

Jason L. Odom, Esq.
Gould, Cooksey Fennell, PA
979 Beachland Blvd.
Vero Beach, FL 32963
jodom@gouldcooksey.com

      Counsel for Defendant Jeffrey R. Smith, Clerk of the Circuit Court for Indian River County, Florida

Sean A. Mickley, Esq.
Gould, Cooksey Fennell, PA
979 Beachland Blvd.
Vero Beach, FL 32963
smickley@gouldcooksey.com

      Counsel for defendant, The Tennis Townhouses Condominium Association, Inc.

C. Douglas Vitunac, Esq.
Collins, Brown, Barkett, Garavaglia and Lawn, Chrtd.
756 Beachland Blvd.
Vero Beach, FL 32963
dvitunacpleadings@verolaw.com

      Counsel for Defendants Catherine Ryan and Deborah Stuart

5715 Yuma St NW
Washington DC 20016

RE: Strat v Ryan et al.
2:18-cv-14244-JEM/smm

Clerk's Office
US District Court for the
Southern District of FL
101 US Highway 1
Room 1016
Ft. Pierce, FL 3495[...]

