UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 2:18-cv-14244- JEM

PAMELA B. STUART,

    Plaintiff,

v.

THE TENNIS TOWNHOUSES
CONDOMINIUM ASSOCIATION, INC., et al.

    Defendants.

**DEFENDANT, TENNIS TOWNHOUSES CONDOMINIUM ASSOCIATION, INC.'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S AMENDED MOTION TO DISMISS**

Defendant, Tennis Townhouses Condominium Association, Inc., ("Association"), through counsel, files this Reply to Plaintiff's Response in Opposition to Defendant Association's Amended Motion to Dismiss [D.E. 46] and states:

**I.    Plaintiff failed to overcome Defendant Association's *Rooker-Feldman* argument**

Defendant Association incorporates the argument made and case law cited in Defendant Clerk's Reply [D.E. 47] as if set forth fully herein.

In addition thereto, it bears repeating that Plaintiff raised Defendant Association's failure to comply with a condition precedent as a defense in the State Court foreclosure action. [D.E. 21 – 1]. The State Court considered her arguments, aptly rejected them, and entered final judgment of foreclosure in favor of Defendant Association. [D.E. 21 – 2]. Indeed, Plaintiff concedes in her Response in Opposition that she has already presented the same issues to the State Court in opposition to Defendant's Motion for Summary Judgment on the lien foreclosure claim. [D.E. 46

at ¶18]. That notwithstanding, Plaintiff argues that she is not relitigating those factual issues, but rather is litigating entirely new claims. [D.E. 46 at p. 19]. This argument fails.

Plaintiff's claim for relief – for this Court to invalidate the State Court orders under the guise of a federal claim – is the exact type of litigation tactic that is abhorred by federal courts. *Distant v. Bayview Loan Servicing, LLC*, 2010 U.S. Dist. LEXIS 28274 at *6-7 (S.D. Fla. Mar. 25, 2010) ("Although pled as conspiracy claims…, Plaintiff is clearly asking this Court to ***invalidate*** the state court action by ruling that the state court foreclosure judgment is somehow void. Under the *Rooker-Feldman* doctrine, [defendant] is correct that this Court lacks subject matter jurisdiction, as Plaintiff seeks a de facto appeal of a previously litigated state court matter.")

Indeed, the true question for this Court is whether the Plaintiff's federal claim is "at its core" an attempt to revisit a state-court foreclosure judgment. *Aboyade-Cole Bey v. Bank Atl.,* 2010 U.S. Dist. LEXIS 90188, at *2 (M.D. Fla. Aug. 2, 2010). In the Response in Opposition to Defendant Association's Motion to Dismiss, Plaintiff provides this Court an abundance of facts that pertain to an order entered by the state probate court, which are inapplicable to Defendant Association. Yet, the factual allegations that Plaintiff does raise against Defendant Association are "at their core" an attempt to revisit the State Court's final judgment of foreclosure. Plaintiff attempts to distract from that fact by arguing that "this is not a straight foreclosure case but rather a federal claim under 42 U.S.C. §1983 alleging a judicial taking in violation of the federal and Florida Constitutions." [D.E. 46, at p. 30]. Such an argument is unavailing.

The fact that the Plaintiff raises a federal claim for the first time in this case does not matter. The Eleventh Circuit and many district courts have applied the *Rooker-Feldman* doctrine to dismiss actions where a plaintiff raised federal claims, which were in reality challenging state-court foreclosure judgments. *See, e.g.*, *Parker v. Potter,* 368 F. App'x 945, 947-48 (11th Cir 2010)

(rejecting under *Rooker-Feldman* a federal claim under the Truth in Lending Act sought rescission of a state foreclosure judgment); *Velrado v. Fremont Inv. & Loan,* 298 F. App'x 890, 892-93 (11th Cir 2008) (holding that appellants' federal TILA claims were inextricably intertwined with a state-court foreclosure judgment and thus barred by *Rooker-Feldman*); and *Harper v. Chase Manhattan Bank,* 138 F. App'x 130, 132-33 (11th Cir. 2005) (dismissing federal TILA and Equal Credit Opportunity Act claims under *Rooker-Feldman*). The same analysis in those cases applies here. Indeed, if a judgment was entered in Plaintiff's favor in this case, it would necessarily follow that the state court foreclosure was in error, regardless of the manner in which Plaintiff pleads the cause of action. Such relief is barred by the *Rooker-Feldman* doctrine. *See, Tulipan v. Wells Fargo Bank, N.A.*, 2018 U.S. Dist. LEXIS 97652 (S.D. Fla. June 8, 2018) (finding that because entering a favorable judgment on plaintiff's federal claims would invalidate the state court judgment, the court could not grant plaintiffs their requested relief without disturbing the Florida foreclosure judgment).

Accordingly, the overwhelming weight of case law dictates that Plaintiff's claim against Defendant Association must be dismissed for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine.

### II. **Plaintiff failed to rebut Defendant Association's *res judicata* claim**

Defendant Association moved to dismiss based upon *res judicata* in combination with, or in the alternative to, the *Rooker-Feldman* doctrine. Plaintiff briefly argued that she raised new claims and named different parties in this case. [D.E. 46 at p. 30-31]. Nothing about Plaintiff's argument combats the case law and facts set forth in the Motion to Dismiss. [D.E. 21, ¶¶31-36].

### III. **Plaintiff failed to rebut Defendant Association's Abstention doctrine argument**

Defendant Association moved to dismiss the Complaint based upon this Court's authority to abstain from considering the matter further. [D.E. 21]. Plaintiff's arguments in response to Defendant Association's Abstention doctrine argument has no support in the law or fact. Instead, it is clear that the Plaintiff is seeking a *de facto* appeal of the state court judgment because she "does not have confidence in the state courts to protect her federally guaranteed rights…." [D.E. 46, at p. 34]. Such a fear is not a basis upon which this Court should accept jurisdiction of this case.

## CONCLUSION

Based on the foregoing, the Court should dismiss Defendant Association from this lawsuit and Count II from the Complaint, with prejudice, and award such other relief as the Court deems just and proper.

Respectfully submitted,

*Sean A. Mickley, Esq.*
SEAN A. MICKLEY
FBN: 84494
Gould Cooksey Fennell, PLLC
979 Beachland Blvd.
Vero Beach, FL   32963
Ph: (772) 231-1100
Fax: (772) 231-2020
*Counsel for Defendant, Tennis Townhouses Condominium Association, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via CM/ECF electronic filing this 21st day of August, 2018 to *pro se* Plaintiff and Counsel for Defendants at the service list identified below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are authorized to receive electronically generated Notices of Electronic Filing.

<u>Sean A. Mickley, Esq.</u>
SEAN A. MICKLEY
FBN: 84494
Gould Cooksey Fennell, PLLC
979 Beachland Blvd.
Vero Beach, FL   32963
Ph: (772) 231-1100
Fax: (772) 231-2020
*Counsel for Defendant, Tennis Townhouses Condominium Association, Inc.*
SAM-eservice@gouldcooksey.com

SERVICE LIST:

| | |
|---|---|
| Pamela B. Stuart<br>*Pro Se Plaintiff*<br>111 John's Island Drive, #7<br>Vero Beach, FL  32963<br>pamstuart@aol.com | C. Douglas Vitunac, Esq.<br>Collins, Brown, Barkett, et al.<br>756 Beachland Blvd.<br>Vero Beach, FL 32963<br>(772) 231-4343<br>*Counsel for Defendants <u>Catherine Ryan</u> and <u>Deborah Stuart</u>*<br>dvitunacpleadgings@verolaw.com |
| Maria Guitian Barker, Esq.<br>Office of the Attorney General<br>110 S.E. 6th Street, 10th Floor<br>Ft. Lauderdale, FL 33301<br>(954) 712-4600<br>*Counsel for Defendant, The State of Florida*<br>Maria.GuitianBarker@myfloridalegal.com | Jason L. Odom, Esq.<br>Gould Cooksey Fennell, PLLC<br>979 Beachland Blvd.<br>Vero Beach, FL 32963<br>(772) 231- 1100<br>*Counsel for Defendant, Jeffrey R. Smith, as Clerk of the Circuit Court for Indian River County, Florida*<br>JLO-eservice@gouldcooksey.com |