UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

18-14244-CIV-MARTINEZ/MAYNARD

PAMELA B. STUART,

                    Plaintiff,

v.

CATHERINE S. RYAN, et.al.,

                    Defendants.

_____/

**REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT, STATE OF FLORIDA'S MOTION TO DISMISS**

       Defendant, State of Florida, through counsel, files this Reply to Plaintiff's Opposition to

Defendant's State of Florida's Motion to Dismiss [D.E. 43] and states as follows:

**I.       Plaintiff failed to overcome the argument of lack of justiciable controversy**.

       The Plaintiff has no controversy with the State of Florida. The Plaintiff alleges that this is

the first judicial takings case to come before the Court after the case of Stop the Beach

Renourishment, Inc. v. Fla. Dep't of Envtl. Prot., 560 U.S. 702, 130 S. Ct. 2592, 177 L. Ed. 2d

184 (2010).  [D.E. 43], page 2. The Judicial Takings doctrine bars the State from taking private

property without paying for it. Id.  In this case, the State did not take any property away from the

Plaintiff, this case is not about a condemnation by eminent domain, it is about a condominium

association who has the right to place a lien on a property for the owner's failure to pay the

monthly assessments.

       Plaintiff states that she suffered an injury, but she does not allege how the Defendant, State

of Florida caused this injury to her. The Plaintiff does not state how the State of Florida has some

adverse interest to her interests which results in a justiciable controversy. The Plaintiff has not overcome her burden of showing this Court how the State of Florida is her adversary or that the State of Florida has any interest adverse to hers.

**II.     Plaintiff failed to overcome the argument of lack of standing.**

In response to the State's argument of Plaintiff's lack of standing, Plaintiff merely states that the rulings of the Courts have caused her fear that she will not receive justice in those courts in the future.  [D.E. 43], page 2. Alleging that one is fearful is not enough to overcome the burden of proving standing to file a lawsuit.

**III.    Plaintiff failed to rebut the State of Florida's Eleventh Amendment Immunity Argument.**

The Plaintiff has failed to state how the State of Florida waived immunity and/or consented to be sued under Section 768.28 of the Florida Statutes. [D.E. 43], page 2. The sovereign immunity of the States protected by the Eleventh Amendment cannot be waived by mere inaction on the part of the State; it takes a positive act of waiver by the State to lose it. See Edelman v. Jordan, 415 U.S. 651, 677–78, 94 S. Ct. 1347, 39 L. Ed. 2d 662 (1974). Furthermore, in Hill v. Dep't of Corr., State of Fla., 513 So. 2d 129 (Fla. 1987), the court held that the statute waives immunity only for tort actions. The action here is not a tort action but instead according to the Plaintiff seeks redress for a statutory violation or judicial taking.

**IV.    Plaintiff failed to overcome the State of Florida's Rooker-Feldman and Younger Abstention Doctrine argument.**

Plaintiff argues that the *Rooker-Feldman* doctrine does not apply by incorporating her arguments in opposition to the motions to dismiss filed under [D.E. #44], [D.E. #45] and [D.E. # 46]. Plaintiff wants to hold the State of Florida accountable for State Court Orders issued by Judges by disguising it in the form of a new lawsuit filed in federal court under a new claim: "judicial

taking".  Plaintiff is seeking redress for her dissatisfaction with State Court rulings in a foreclosure case and in a probate case by bringing this action in federal court as she has exhausted all state court remedies.  The *Rooker-Feldman* Doctrine applies where the Plaintiff is raising federal claims which are really dissatisfaction with State Court rulings.  Plaintiff would have this Court believe that she is bringing an independent claim, [D.E. #46, page 25]. However, for Plaintiff to proceed with her "judicial takings" claim in federal court she has to relitigate all the issues she addressed in the State Court proceedings in federal court. The issues are not intertwined with the State Court issues, they are the same issues. Plaintiff cites the case of Williams County Reg'l Planning Comm'n v. Hamilton Bank of Johnson City, 473 U.S. 172 (1985) for the proposition that the plaintiff must first, have received a final decision with respect to the application of state law to the property from the agency implementing the regulation or law and secondly, the plaintiff must have sought compensation through the procedures the state has provided for doing so.  In this case, there is no state agency implementing a regulation, there is no state agency implementing a "judicial taking".  The underlying facts in this case are that at least five private parties had some controversy which was addressed in state courts and the state courts issued rulings. The State of Florida was not a party in the state actions. The *Rooker-Feldman* doctrine applies in this case. The complaint in federal court against the State of Florida on the basis of "judicial takings" must be dismissed.

Finally, State Courts have concurrent jurisdiction over 42 U.S.C. § 1983 cases. Haywood v. Drown, 556 U.S. 729, 129 S. Ct. 2108, 173 L. Ed. 2d 920 (2009); Corn v. City of Lauderdale Lakes, 816 F.2d 1514, 1520 (11th Cir. 1987). Even if this Court were to find that the Plaintiff's claim of "judicial takings" is plausible and Plaintiff can and could have brought a Section 1983 in state court, why did the Plaintiff not allege  the same in the State Court cases; the only answer is Plaintiff is seeking to relitigate the same issues in federal court that she litigated in state court.

**V.     Plaintiff has failed to rebut the argument that she has failed to state a cause of action**.

The Plaintiff brings a claim for civil rights violation against the State of Florida under 42 U.S.C. § 1983. Plaintiff admits that she is seeking a civil remedy against the State of Florida.  42 U.S.C. § 1983 provides: that every person who under color of any statute, ordinance, regulation, custom, or usage, of any State, subjects, or causes to be subjected, any citizen within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. Only "persons" under the statute are subject to liability. Will v. Michigan Dep't of State Police, 491 U.S. 58, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989) A state is not a person subject to suit under 42 U.S.C. § 1983,  Id. and Ex parte Young, 209 U.S. 123. A suit against a government official in his official capacity represents nothing more than a suit against the government entity itself, Hafer v. Melo, 502 U.S. 25, 31 (1991); Kentucky v. Graham, 473 U.S. 159, 165, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985). Despite the aforementioned logical inconsistency, the current state of the law is that a state may not be sued for damages, but may be sued for declaratory or injunctive relief. The Plaintiff is not suing the State of Florida of declaratory relief and hence this case should be dismissed.

Additionally, Plaintiff seems to indicate that the State of Florida may be liable for the actions of the state court judges under the theory of *respondeat* superior.  Supervisor liability under § 1983 occurs either when the supervisor personally participates in the alleged

constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation. <u>Brown v. Crawford</u>, 906 F.2d 667, 671 (11th Cir. 1990). The Plaintiff has alleged neither of these two instances in her federal complaint.

**VI.     Plaintiff has failed to overcome the argument of Judicial Immunity**

Plaintiff admits in her Opposition to the State's Motion to Dismiss that Judges have judicial immunity; however, she indicates that she is suing the State of Florida as the employer of the Judges.  There are only two sets of circumstances in which judicial immunity is overcome: (1) non-judicial actions, or (2) judicial actions taken in the complete absence of jurisdiction. <u>Mireles v. Waco</u>, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991). The Plaintiff has not alleged any non-judicial actions nor has she alleged that the judicial actions taken were taken without jurisdiction. Based on the foregoing the Court should grant the State of Florida's Motion to Dismiss.

**WHEREFORE**, the Defendant the State of Florida, requests this Court Dismiss *with prejudice,* Ms. Stuart's, Complaint on the basis lack of justiciable controversy, lack of standing, Eleventh Amendment immunity, Judicial Immunity, Rooker-Feldman Doctrine, the Younger Abstention, and failure to state a cause of action.

Respectfully submitted,

PAMELA JO BONDI
ATTORNEY GENERAL

<u>/s/ Maria Guitian Barker</u>
Maria Guitian Barker
Assistant Attorney General
Fla. Bar No: 813966
OFFICE OF THE ATTORNEY GENERAL
110 S.E. 6th Street, 10th Floor
Ft. Lauderdale, Florida 33301
Telephone:     954-712-4600

Facsimile:      954-527-3702
Maria.GuitianBarker@mMyfloridalegal.com
Attorney for Defendant, the State of Florida

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 24, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served on this date on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices or Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are authorized to receive electronically Notices of Electronic Filing.

/s/ Maria Guitian Barker
Maria Guitian Barker
Assistant Attorney General

## SERVICE LIST

Pamela Stuart
6001 Highway A1A
Indian River Shores, Florida 32963-1014
pamstuart@aol.com

Sean A. Mickley, Esq.
Gould Cooksey Fennell, PLLC
979 Beachland Boulevard
Vero Beach, Florida 32963
SAM-eservice@gouldcooksey.com

C. Douglas Vitunac, Esq.
Collins, Brown, Barkett, et.al.
765 Beachland Boulevard
Vero Beach, Florida 32963
dvitunacpleading@verolaw.com

Jason L. Odom, Esq.
Gold Cooksey Fennell, PLLC.
JLO-eservice@gouldcooksey.com