UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

Case No. 18-14244-Civ-MARTINEZ/Maynard

PAMELA B. STUART,

    Plaintiff,

v.

CATHERINE S. RYAN,
DEBORAH A. STUART,
TENNIS TOWNHOUSES
CONDOMINIUM ASSOCIATION, INC.,
JEFFREY R. SMITH, and
STATE OF FLORIDA,

    Defendants.

**DEFENDANTS CATHERINE S. RYAN AND DEBORAH A. STUART'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS (DOC. 45)**

Defendants hereby reply to Stuart's Response in opposition to their Motion to Dismiss (Doc. 45).[1]

**I.  STUART HAS FAILED TO REFUTE DEFENDANTS' ARGUMENT THAT THE *ROOKER-FELDMAN* DOCTRINE REQUIRES DISMISSAL WITH PREJUDICE.**

As Defendants showed in their Motion to Dismiss, the *Rooker-Feldman* doctrine bars federal jurisdiction over Plaintiff's Complaint, which in essence, constitutes a second appeal by a state court loser seeking to re-litigate claims already decided in state court proceedings. The doctrine restrains federal district courts from reviewing decisions of the state courts — a role reserved exclusively to the United States Supreme Court.[2]

---

[1] Capitalized terms not otherwise defined herein have the same meanings defined in Defendants' Motion to Dismiss (Doc. 24).

[2] As Stuart admits, she has already petitioned the Supreme Court for a writ of certiorari to review the state court's imposition of the equitable liens and conveyance of property that she

To avoid the consequences of the *Rooker-Feldman* doctrine, Stuart insists that she "is not seeking a federal appeal of her state court cases." (Doc. 45 at 8.) However, this assertion is belied first by her Response to the Motion to Dismiss filed by Defendant Tennis Townhouses Condominium Association, Inc., in which Stuart suggests that it would "end the matter" if this Court would simply "**reverse** the orders" of the state courts. (Doc. 46 at 32 (bold text added for emphasis)). Such a federal reversal of a fully litigated, appealed, and affirmed state court decision is precisely what the *Rooker-Feldman* doctrine prohibits. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923) (holding that Supreme Court has exclusive federal jurisdiction to "entertain a proceeding to reverse or modify" state court judgments).

Stuart's disparagement of the state courts' findings of fact, conclusions of law, and decisions in the Trust Case — *e.g.*, not crediting her with any trustee fees or expenses, rejecting her claims of permanent residency, imposing equitable liens on the John's Island Townhouse, denying her motions to quiet title and partition the South Catalina Residence (Doc. 45 at 2-7) — underscores the fact that Stuart's Complaint is nothing more than an attempt to persuade this Court into interfering with the decisions and final judgment of the Florida courts. Notwithstanding her allegation that those decisions effectuated a "judicial taking," Stuart's dissatisfaction with the decisions of the state courts does not give rise to a new federal cause of action.[3] Fundamentally, what Stuart wants is for this Court to apply Florida law differently from

---

challenges in this case. (Doc. 45 at 7.) Consequently, the instant case is not merely frivolous but also superfluous, dilatory, and a transparent effort to delay justice for her sisters.

[3] As Judge Middlebrooks explained when denying Stuart's *ex parte* motion for a temporary restraining order filed earlier in this case:

> The judicial taking theory recognized by the Supreme Court in *Stop the Beach* is not applicable here. The Court in *Stop the Beach* observed that a judicial taking would not be found absent a judicial decision contravening a plaintiff's established property rights. *Stop the Beach*, 560 U.S. at 733. Based upon Plaintiff's allegations, it is not apparent that the circuit court

how the Florida courts applied it. Stuart thereby reveals that she "is just the sort of 'state-court loser' the *Rooker-Feldman* doctrine was designed to turn aside." *Casale v. Tillman*, 558 F.3d 1258, 1261 (11th Cir. 2009) (citation omitted).[4]

## II. PLAINTIFF'S ARGUMENT THAT HER CLAIMS ARE NOT PRECLUDED BY RES JUDICATA AND COLLATERAL ESTOPPEL IS UNAVAILING.

As shown by Defendants, the Supreme Court made it clear that "*Rooker-Feldman* does not otherwise override or supplant preclusion doctrine." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). All four elements required to establish res judicata are present here, *see Symonette v. Aurora Loan Service*, 631 F. App'x 776 (11th Cir. 2015), and Stuart makes no serious attempt to overcome application of the preclusion doctrine.

## III. STUART HAS NOT COUNTERED DEFENDANTS' ARGUMENT THAT HER PRAYER FOR INJUNCTIVE RELIEF IS MOOT AND OTHERWISE BARRED BY THE ANTI-INJUNCTION ACT

In her opposition, Stuart ignored entirely Defendants' argument that Count One of the Complaint is barred because it seeks to enjoin a foreclosure sale that has already occurred, and because it is barred by the Anti-Injunction Act. Accordingly, she has conceded the point. *See, e.g., Hartford Steam Boiler Inspection & Ins. Co. v. Brickellhouse Condo. Ass'n*, No. 16-CV-

---

> effectively changed the law so as to contravene Plaintiff's clearly established right to a homestead exemption, which is the type of scenario contemplated in *Stop the Beach*. Instead, it seems that in Plaintiff's case, the state court simply applied the existing law in a manner unfavorable to her.

(Doc. 12 at 2.)

[4] Stuart's grousing about decisions made in the Trust Case demonstrates further that the instant case is "inextricably intertwined" with the Trust Case. According to the Eleventh Circuit, "[a] claim is inextricably intertwined if it would 'effectively nullify' the state court judgment . . . or it 'succeeds only to the extent that the state court wrongly decided the issues.'" *Casale*, 558 F.3d at 1260. It is evident that Stuart's claims seek to vitiate the liens imposed by the state court on the John's Island Townhouse and the South Catalina Residence. Therefore, by definition, the claims in this case are inextricably intertwined with the Trust Case judgment.

3

22236, 2016 WL 5661636, at *3 (S.D. Fla. Sept. 30, 2016) (determining plaintiff "implicitly condede[d]" a point by failing to address defendant's abstention argument in response to motion to dismiss); *Brady v. Medtronic, Inc.*, No. 13-CV-62199-RNS, 2014 WL 1377830, at *6 (S.D. Fla. Apr. 8, 2014) (claims were subject to dismissal by failing to address defendant's argument in plaintiff's opposition to the motion to dismiss); *Stephenson v. Cox*, 223 F. Supp. 2d 119, 121 (D.D.C. 2002) ("[W]hen a plaintiff files a response to a motion to dismiss but fails to address certain arguments made by the defendant, the court may treat those arguments as conceded, even when the result is dismissal of the entire case.").

## IV. STUART HAS FAILED TO DEMONSTRATE THAT SHE HAS STANDING TO SEEK PARTITION OF THE SOUTH CATALINA RESIDENCE

Stuart does not, and cannot, dispute that only those persons in possession of real property, or having a right of immediate possession thereto, are entitled to seek partition. Nor does Stuart purport to meet either condition. Instead, she urges this Court to ignore that Defendant Catherine Ryan has exclusive ownership of the property that she desires to partition, and she asserts that Ryan's ownership is the product of malfeasance. (Doc. 45 at 8 (claiming that Ryan "enlisted the aid of the Successor Trustee" and "inveigled Deborah Stuart to give her a quit claim deed".) But, in fact, Defendant Ryan owns the South Catalina Residence because the trial court in the Trust Case ordered Stuart's fractional interest be conveyed to the Successor Trustee and distributed in accordance with the plan of distribution approved by the Court. *Ryan v. Stuart*, No. 312013CA001523, 2016 WL 11432200, at *15 (Fla. 19th Cir. Ct. Oct. 21, 2016). Stuart's challenge to the trial court's conveyance of her interest in the South Catalina Residence is, at its root, an impermissible, successive assault on a state court order that Stuart has already appealed, unsuccessfully, through the state system. Stuart thereby highlights yet again that this case is a gambit to get a federal court to overturn decisions of state courts applying state law. *See Doc. 45*

4

*at 8* (attacking the court-ordered conveyance of her interest in the South Catalina Residence as having been effectuated "without subject matter jurisdiction and any legal basis and thus contrary to established Florida property law").

**WHEREFORE**, Defendants respectfully request this Court to enter an Order dismissing the Complaint with prejudice and award any other relief that this Court deems just and proper.

This 27th day of August, 2018.

Respectfully submitted,

*/s/ C. Douglas Vitunac*
_____
C. DOUGLAS VITUNAC, ESQ.
Florida Bar No. 0028598
COLLINS, BROWN, BARKETT,
GARAVAGLIA, and LAWN, CHARTERED.
*Attorneys for Defendants Catherine S. Ryan*
  *& Deborah A. Stuart*
756 Beachland Boulevard
Vero Beach, Florida 32964-3686
(772) 231-4343
dvitunacpleadings@verolaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 27th day of August, 2018, I electronically caused the foregoing document to be filed with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on Plaintiff *pro se* Pamela B. Stuart and all counsel of record via transmission of Notices of Electronic Filing.

/s/ *C. Douglas Vitunac*

C. DOUGLAS VITUNAC, ESQ.
Florida Bar No. 0028598
COLLINS, BROWN, BARKETT,
GARAVAGLIA, and LAWN, CHARTERED.
*Attorneys for Defendants Catherine S. Ryan
& Deborah A. Stuart*
756 Beachland Boulevard
Vero Beach, Florida 32964-3686
(772) 231-4343
dvitunacpleadings@verolaw.com