UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

FORT PIERCE DIVISION

```
PAMELA B. STUART              )
Vero Beach, Florida           )
                              )
v.                            )        Case No.   2:18-cv-14244-JEM
                              )
CATHERINE S. RYAN             )
                              )
DEBORAH A. STUART             )
                              )
THE TENNIS TOWNHOUSES         )
ASSOCIATION, INC.             )
                              )
JEFFREY R. SMITH,             )
                              )
THE STATE OF FLORIDA,         )
                              )
      Defendants.             )
                              )
_____)
```

FILED BY **CGA**
Deputy Clerk

***Sep 10, 2018***

STEVEN M. LARIMORE
CLERK U.S. DISTRICT CT.
S.D. OF FLA. Fort Pierce

PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY TO
DEFENDANTS' REPLIES TO PLAINTIFF'S RESPONSES
IN OPPOSITION TO DEFENDANTS' VARIOUS MOTIONS TO DISMISS

Plaintiff *pro se* Pamela B. Stuart respectfully moves this Honorable Court pursuant to

Local Rule 7.1 for leave to file a surreply to Defendant Tennis Townhouses Condominium

Association, Inc.'s ("Tennis Townhouses") Reply to Plaintiff's Response in Opposition to

Defendant's Amended Motion to Dismiss and the Replies of the other Defendants.   As stated in

more detail in Plaintiff's surreply, good cause exists to permit the filing of this surreply as

Defendants' replies cited additional case law and analysis to which Plaintiff should have the

opportunity to respond.

WHEREFORE, Plaintiff respectfully requests that the Court grant her leave to file a Surreply, which proposed filing is attached hereto as Exhibit A.

Dated September 5, 2018                    Respectfully submitted,

Plaintiff *pro se*
P.M.B. #8202
6001 Highway A1A
Indian River Shores, FL 32963-1014
(202) 999-2374 (cell)
(202) 244-0723 (landline)
pamstuart@aol.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have sent the original of the foregoing Motion for Leave to File Plaintiff's Surreply to Defendants' Replies to Plaintiff's Responses in Opposition to Defendants' Various Motions to Dismiss her complaint to the Clerk of the Court for filing via first class mail with postage prepaid and that I am serving a copy on counsel via first class mail with postage prepaid and electronic mail at their email addresses provided on their motions this 6th day of September, 2018.

PAMELA B. STUART

copies to:

Jason L. Odom, Esq.
Gould, Cooksey Fennell, PA
979 Beachland Blvd.
Vero Beach, FL 32963
jodom@gouldcooksey.com

Counsel for Defendant Jeffrey R. Smith, Clerk of the Circuit Court for Indian River County, Florida

Sean A. Mickley, Esq.
Gould, Cooksey Fennell, PA
979 Beachland Blvd.
Vero Beach, FL 32963
smickley@gouldcooksey.com

Counsel for defendant, The Tennis Townhouses Condominium Association, Inc.

C. Douglas Vitunac, Esq.
Collins, Brown, Barkett, Garavaglia and Lawn, Chrtd.
756 Beachland Blvd.
Vero Beach, FL 32963
dvitunacpleadings@verolaw.com

Counsel for Defendants Catherine Ryan and Deborah Stuart

Maria Guitian Barker, Esq.
Assistant Attorney General
State of Florida
110 S.E. 6th Street, 10th Floor
Ft. Lauderdale, FL 33301
maria.guitianbarker@mMyFloridalegal.com

Counsel for the State of Florida

EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

FORT PIERCE DIVISION

| | | |
|---|---|---|
| PAMELA B. STUART<br>Vero Beach, Florida | ) | |
| | ) | |
| v. | ) | Case No.   2:18-cv-14244-JEM/SMM |
| | ) | |
| CATHERINE S. RYAN | ) | |
| | ) | |
| DEBORAH A. STUART | ) | |
| | ) | |
| THE TENNIS TOWNHOUSES<br>ASSOCIATION, INC. | ) | |
| | ) | |
| JEFFREY R. SMITH, | ) | |
| | ) | |
| THE STATE OF FLORIDA, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

PLAINTIFF'S SURREPLY TO DEFENDANTS'
REPLIES TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS'
VARIOUS MOTIONS TO DISMISS HER COMPLAINT

Plaintiff hereby submits her surreply to the replies of the Defendants to her Oppositions

to their motions to dismiss her complaint.  This surreply addresses points raised in the

Plaintiff's oppositions to their various motions to dismiss.

The Tennis Townhouses Condominium, Inc.

Defendant Tennis Townhouses Condominium Association, Inc. (the "Tennis

Townhouses") has stated that Plaintiff's claim is "at its core" an attempt to relitigate a state court

foreclosure judgment.  This argument is repeated by the other defendants.  Defendant Tennis

Townhouses ignores the fact that the court judgment that is an unconstitutional judicial taking that Plaintiff is attacking is one that was illegally initiated and procured by Defendant Tennis Townhouses contrary to established Florida property law and the final writ of possession to Plaintiff's homestead – which never would have been issued but for the initiation of the illegal and ultra vires action by Defendant Tennis Townhouses – occurred effectively on July 25, 2018, AFTER the filing of the instant case in federal court on June 26, 2018.

One of the exceptions to the *Rooker-Feldman* doctrine relied upon so heavily by Defendant Tennis Townhouses is "[an] issue [that] did not figure, and could not reasonably have figured, in the state court's decision." *Target Media Partners v. Specialty Mktg. Corp.*, 881 F.3d 1279 (11th Cir., 2018), citing *Wood v. Orange County.* , 715 F.2d 1543, 1547 (11th Cir. 1983) ("[A]n issue that a plaintiff had no reasonable opportunity to raise cannot properly be regarded as part of the state case.").  The unconstitutional judicial taking of plaintiff's homestead by the State of Florida acting through its agents, the judge and clerk of the Circuit Court of Indian River County, is not something that could have been anticipated had the courts followed established Florida property law.  The actual unconstitutional taking was not effected until after the state trial court proceeding that involved the Tennis Townhouses had concluded.  Even if the general subject matter of the instant suit involves some of the factual background found in the state court proceedings, the suit here which challenges, *inter alia,* the failure to provide due process to plaintiff who was not provided with an opportunity to obtain discovery and was not permitted to introduce any evidence in the state court proceeding in contrast to the illegal claim of the Tennis Townhouses which was accepted by the trial court on a motion for summary judgment is not barred by *Rooker – Feldman* because the claims are independent from those that constituted the

2

gravamen of the state court action. "If a federal plaintiff 'present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party ..., then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion.' " *Exxon Mobil Corp. v. Saudi Basic Industries Corp.* , 544 U.S. 280, 293, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). *See. Goodman ex rel. Goodman v. Sipos* , 259 F.3d 1327, 1333 (11th Cir. 2001) (claim challenged legality of a search proximate to events leading to the state court proceedings but was not the source of any evidence or information used in the state court proceedings).

In this case, the state court made it abundantly clear that it was not hearing from witnesses plaintiff subpoenaed who were present and available to testify concerning the failure of the Tennis Townhouses to comply with the Declaration of Condominium. The trial court stated it would not consider the evidence of events that preceded the *ultra vires* filing of the complaint of the Tennis Townhouses, i.e., the evidence concerning the failure of the Tennis Townhouses to comply with its own Declaration of Condominium and by-laws which state law required to occur prior to the filing of a collection action.

As noted earlier in plaintiff's oppositions, the Supreme Court revisited the *Rooker-Feldman* doctrine in *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005). The Supreme Court, in a unanimous decision, held that *Rooker-Feldman* did not "vanquish" the district court's jurisdiction after the state court entered judgment in a related proceeding. *Id.* at 294. In its opinion, the Supreme Court expressed disapproval of what it viewed as a trend in the lower courts of expanding the *Rooker-Feldman* doctrine "far beyond the contours of the *Rooker* and *Feldman* cases." *Id.* at 283. *Rooker-Feldman,* the Supreme Court

3

said, "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 284. *Rooker-Feldman* is a limited doctrine that has been espoused by the Supreme Court in only the *Rooker, Feldman* and *Exxon* cases. In the S*top the Beach Renourishment v. Florida Department of Environmental Protection,* 560 U.S. 702, case, Justice Scalia said that it did not necessarily follow that applying the takings clause to judicial decisions would require federal courts to review final state court judgments in violation of *Rooker-Feldman.  Stop the Beach,* 560 U.S. at 727. It certainly would not if the U.S. Supreme Court were to be the court that ruled on the issue. But public policy suggests that if such a Constitutional claim exists and a six-justice majority of the U.S. Supreme Court has said it does (either under the Takings Clause or the Due Process clause), then *Rooker-Feldman* could not divest federal district courts of jurisdiction. For example, "When there is parallel state and federal litigation" and the state court enters judgment first, the federal court may entertain the case. *Exxon.Mobil Corp. v. Saudi Basic Industries Corp.,* 544 U.S. at 292. Nor, the Supreme Court explained, does it apply simply because a party "attempts to litigate in federal court a matter previously litigated in state court." *Id.* "If a federal plaintiff presents some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party, then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion." *Id.* at 293 (internal quotations and citations omitted).

Plaintiff did not seek to invoke the jurisdiction of this Court simply because she lacks confidence in the state courts – although that clearly is the case – but rather because she has

4

independent federal claims against the State of Florida and its agents that eliminated her settled expectations to quiet enjoyment of her private property which she purchased with her own funds in 2000 and resided in until July 2018, in concert with claims against the Tennis Townhouses and the other defendants.

As noted in previous filings, the Florida Supreme Court has limited the waiver of homestead protection against forced sale or transfer a property owner to the three limited exceptions listed in the Florida Constitution. That has been settled law since 1868. There was no hint in any decision of the Florida Supreme Court that a Florida property owner with a homestead protection claim based upon years of ownership and the indicia of domicile would be permitted or declared to have waived that protection by entering into a federally regulated mortgage on an unrelated property in another jurisdiction. In *Chames v. Demayo,* 972 So.2d 850 (Fla. 2007), the Florida Supreme Court said that a waiver of homestead protection could not be based upon a contract unrelated to the homestead property that was not a mortgage on the homestead entered knowingly, intelligently, and voluntarily as set forth in the Florida Constitution. Article X, § 4(a) exempts homesteads owned by natural persons as follows: "There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty . . . ." There was no hint or dicta in the *Chames v. Demayo* case that would alert a Florida property owner that taking on a federally guaranteed mortgage on a second home in an unrelated jurisdiction that had an annual residency requirement to prevent investors from qualifying for that type of mortgage would result in a

5

waiver of a homestead exemption right guaranteed by the Florida Constitution on the owner's permanent residence in Florida that could result in wholesale elimination of the ownership of the property and voting rights along with it. The U.S. Supreme Court has said that a judicial elimination of established private-property rights that is foreshadowed by dicta or even by holdings years in advance is nonetheless a taking. *Stop the Beach Renourishment, Inc. v. Fla. Dep't of Envtl. Prot.*, 560 U.S. 702, 728. A property owner must be afforded a forum in which to bring such a claim under the U.S. Constitution which impacts rights secured by the Fifth and Fourteenth Amendments (and even the right of access to the courts secured by the First Amendment). Given that the claim is against the actions of the State judicial agents, the most logical and appropriate place to lodge those claims is in a federal court.

The Supreme Court of Florida takes the homestead protections of the constitution under Article X, § 4 of the Florida Constitution very seriously and has repeatedly ruled in matters to expand the broad public policy that the homestead provisions are meant to protect: i.e., to protect citizens from their creditors and to protect surviving spouses and minor children from potentially being "thrown out of their homesteads" upon a spouse"s or parent"s death. Plaintiff in this case was literally judicially evicted from her homestead in July 2018 by the state court that ignored the applicable precedents to award judgment to the Tennis Townhouses that had illegally brought the case and ultimately to Ryan and Stuart who held a judicially imposed lien against the property that was imposed without subject matter jurisdiction. Ryan and Stuart acquired the plaintiffs' interest in her father's homestead and her parents' personal property from the same illegal lien process that was imposed upon her interest which she acquired by descent and was protected against forced sale or transfer to creditors by Article X, § 4(b) of the Florida Constitution.

6

The Florida Supreme Court has a long history of expansively protecting homesteads for owners (applying the exemption from creditors during life) and their families (applying the "inurement" clause for the protection from creditors and the devise restrictions). The Florida Supreme Court has held that "an individual cannot waive a right designed to protect both the individual and the public." *Chames v. DeMayo*, 972 So.2d 850, 860 (Fla.2007). However, the Florida state courts failed to uphold that principle of established Florida property law in plaintiff's case. That's where this federal court's role comes into play. *Stop the Beach Renourishment, Inc. v. Fla. Dep't of Envtl. Prot.*, 560 U.S. 702, 727. If the *Rooker-Feldman* doctrine were to preclude federal court consideration of an unconstitutional taking of private property by a state court, then there is effectively no Constitutional remedy for such a taking (contrary to the understanding of a majority of the US Supreme Court in *Stop the Beach)*. Moreover, the actual taking occurs only after the state court has issued its ruling, thus making serious consideration by the state trial court of the taking issue unlikely. *See, Wood v. Orange County,* 715 F.2d 1543, 1547 (11th Cir. 1983)(the *Rooker-Feldman* bar can apply only to issues that the plaintiff had a reasonable opportunity to raise). So, the extremely rare case of a judicial taking by a state court of private property for purposes of transferring it to other owners against established state law without compensation must be cognizable in a federal court.

Defendant Jeffrey Smith, Clerk of the Circuit Court

Defendant Smith points out that there is an exception to judicial immunity for actions taken in the complete absence of jurisdiction citing *Mireles v. Waco,* 502 U.S. 9, 11 (1991)( a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction). Plaintiff has asserted that the Circuit Court of Indian River County lacked

7

jurisdiction in the case brought by Dr. Ryan and Deborah Stuart over Plaintiff's personal residence in Florida, its homestead status, her interest in her father's homestead and her interest in her parents' personal property as they were not named in the complaint as special damages as required by Florida Rule of Civil Procedure 1.120(g). Because the trial court lacked subject matter jurisdiction over these issues, the trial court's final order of distribution was void with respect to these matters. Subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived.'" *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). The power of the court to hear and determine matters with respect to appellant's domicile, her established property rights in her permanent residence in Florida, her interest in her father's homestead and her parents' personal property was not lawfully invoked which rendered the trial court's awards void. *See Hooters of America, Inc. v. Carolina Wings,* 655 So.2d 1231, 1235 (Fla. 1st DCA 1995)(lack of adequate notice of specific damages sought was fundamental error). Therefore, the cross-claim filed in the case brought by the Tennis Townhouses was also void. Evidence of special damages is not admissible at trial and special damages are not awardable, if the plaintiff has failed to plead special damages with specificity in the complaint. *Demello v. Buckman,* 916 So.2d 882, 888-89 (Fla. 4th DCA 2005)(error to admit evidence of and award special damages not pled in the complaint).

This lack of subject matter jurisdiction was brought to the attention of the state trial judge in a motion for relief from judgment filed pursuant to Florida Rule of Civil Procedure 1.540(b)(4) on June 19, 2018, but the trial court denied the motion as well as a motion for reconsideration in July 2018. The issue is on appeal to the Fourth District Court of Appeals of the State of Florida in docket no. 4D18-2388.

It is part and parcel of Plaintiff's complaint in this case that the taking of her property without subject matter jurisdiction and other niceties of due process amounted to an unconstitutional judicial taking. While the Clerk of the Court in carrying out the judge's order may have been performing a ministerial act, it will not relieve the State of Florida of responsibility for his action as an agent.

Defendants Smith, Ryan and Stuart, and the State of Florida ignore that the claim pursuant to 42 U.S.C. § 1983 provides a vehicle for the type of federal claim raised here that appropriately should be cognizable in federal court. Section 1983 of Title 42 of the United States Code provides that a plaintiff may file suit against any person who, acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. § 1983 "'is not itself a source of substantive rights,' but provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). In other words, § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). It is in the nature of a tort action for which a plaintiff has a right to a jury trial on liability and damages. *Id.*

To state a claim under § 1983, a plaintiff must allege (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a "person acting under the color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Thus the claims presented here of deprivation of property and right to vote secured by

9

the Fifth and Fourteenth Amendment, the right to equal protection of the laws and due process, and to the privileges and immunities of U.S. citizenship are appropriately secured through an action under Section 1983. The claim must, as this one does, allege that the personal actions of the state actors, in this case the judge and Clerk of the Court, acted personally to deprive the plaintiff of the Constitutional Rights and in this case private property. The Florida Supreme Court did not exercise its supervisory responsibility to alleviate the unconstitutional taking and deprivation of rights. The State of Florida has not offered and is not expected to offer just compensation for the taking.

Defendants Ryan and Stuart

Defendants Ryan and Stuart make much the same arguments with respect to *Rooker-Feldman* as the other defendants. Counsel for Ryan and Stuart characterize the instant case as "frivolous, but also superfluous, dilatory, and a transparent effort to delay justice for her sisters." Nothing could be further from the truth. While these defendants are correct that Judge Middlebrooks denied Plaintiff's motion for a temporary restraining order, the order indicated that based on the papers presented, "it was not apparent that the circuit court effectively changed the law so as to contravene Plaintiff's clearly established right to a homestead exemption, which is the type of scenario contemplated in *Stop the Beach.*" Plaintiff deserves a full opportunity to demonstrate her clearly established right so that it is crystal clear – a chance she was never granted by her sisters who did not list plaintiff's homestead (or her interests in her parents' property she inherited) as special damages in their complaint as required by established Florida law, by the trial courts which never provided notice that they was going to take away her

10

federally guaranteed right to vote in Florida or that Plaintiff stood to lose her rights in her own home and her parents' property that she inherited, and the trial courts which never provided her a hearing on these topics.

In terms of res judicata, under Florida law, Ryan and Stuart cite an unpublished opinion of the 11th Circuit, *Symonette v. Aurora Loan Servs., LLC* (11th Cir. 2015) for the proposition that all four elements necessary to establish the *res judicata* bar to litigation are present in this case. Under Florida law, "a judgment on the merits bars a subsequent action between the same parties on the same cause of action," and prohibits not only relitigation of claims previously raised, but also the litigation of claims that could have been raised. *State v. McBride*, 848 So. 2d 287, 290 (Fla. 2003). In order for the doctrine of res judicata to apply, there must be "(1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of the parties; and (4) identity of the quality of the persons for or against whom the claim is made." *McDonald v. Hillsborough Cnty. School Bd.*, 821 F.2d 1563, 1565 (11th Cir. 1987) (applying Florida law). As noted above, Dr. Ryan and Deborah Stuart were awarded Plaintiff's property that they never identified as special damages in their complaint in *Ryan v. Stuart,* case no. 31-2013CA-001523 in the Circuit Court of Indian River County. The complaint in that case sought removal of trustee, alleged conversion (which was never proven), sought an accounting, and injunctive relief. This case seeks damages or reversal of an unconstitutional judicial taking and the loss of a Constitutional right to travel and vote, so there is not identity of the thing sued for or the cause of action, in addition to Ryan and Stuart, the parties are the Tennis Townhouses, Jeffrey Smith and the State of Florida, none of which participated in the initial case (the Tennis Townhouses illegally brought the second action for foreclosure of a lien it held independently of any claim of Dr. Ryan

11

and Deborah Stuart).  So, *res judicata* or claim preclusion is not applicable in this case.

Plaintiff's claim for injunctive relief should be alive and well despite the denial of her motion for a temporary restraining order.  She may need an order of this court to remove Defendants Ryan and Stuart from her father's homestead and from their possession of her parents' property so that it may be sold.

It goes beyond all bounds of decency for defendants Ryan and Stuart to suggest after they illegally acquired title to their father's homestead by inducing the issuance of a trustee deed by the successor trustee to the J. Raymond Stuart Trust to the property when, as they well knew, the successor trustee had no legal basis for a claim of interest in that property which descended in 1998 by operation of law to Pamela Stuart, Catherine Stuart Ryan and Deborah Stuart pursuant to § 732.401(1), Florida Statutes.  That statute provides,

> 732.401 Descent of homestead.—
>
> (1) If not devised as authorized by law and the constitution, the homestead shall descend in the same manner as other intestate property; but if the decedent is survived by a spouse and one or more descendants, the surviving spouse shall take a life estate in the homestead, with a vested remainder to the descendants in being at the time of the decedent's death per stirpes.

Under *Aronson v. Aronson,* 81 So.3d 515, 519 (Fla. 3d DCA 2012), pursuant to the statute, the ownership of the property at 101 South Catalina Court in Vero Beach descended as of the death of J. Raymond Stuart outside of probate "in a twinkle of an eye" to his three daughters, per stirpes, with a life estate in his surviving spouse.  From that moment on, the trustee had no authority over the property.  Mr. Stuart's surviving spouse died on April 29, 2012 at which point

12

the ownership was fully shared by the three daughters.   The trial court did not, as Ryan and

Stuart profess, convey Pamela Stuart's interest in it to the successor trustee.   Rather, the trial

court refused to apply *Aronson v. Aronson,* and the authorities that said that no formal order was

required to pass title as directed by the Florida statute quoted above, *In re Estate of Hamel v.

Parker,* 821 So.2d 1276 (Fla. 2d DCA 2002) and that Pamela Stuart's interest was exempt from

the claims of creditors under *JBK Associates, Inc. v. Sill Brothers, Inc.,* 191 So.3d 879 (Fla.

2016).  *See Engelke v. Estate of Engelke,* 921 So.2d 693 (Fla. 4th DCA 2006).   Instead, the trial

court found that under the circumstances of Ms. Stuart's conduct as trustee of her father's trust

that it was "entirely appropriate" to impose an equitable lien on her interest in her father's

homestead for what the trial court declared was "reprehensible conduct" contrary to the

applicable U.S. Supreme Court precedent in *State Farm Mutual Auto. Ins. Co. v. Campbell,* 538

U.S. 408, 419 (2003)(for conduct to be "reprehensible" courts must consider whether: the harm

caused was physical as opposed to economic; the tortious conduct evinced an indifference to or a

reckless disregard of the health or safety of others; the target of the conduct had financial

vulnerability; the conduct involved repeated actions or was an isolated incident; and the harm

was the result of intentional malice, trickery, or deceit, or mere accident. citing BMW of America

Inc.  v. Gore, 517 U.S. 559, 576—577 (1996)).   Thus, the successor trustee had no authority to

convey a deed to Ryan and Stuart and Catherine Ryan's action of illegally taking putative

ownership of her parents' home and property contrary to the established property law of Florida

is subject to partition and sale as Plaintiff has requested in her complaint.

Defendant State of Florida

  Defendant State of Florida claims that Pamela Stuart's has no justiciable claim against it

contrary to the teachings of *Stop the Beach Renourishment v. Florida Department of Environmental Protection*, 560 U.S. 702 (2010). The injury was caused when the judge of the Circuit Court of Indian River County, Florida, an agent of the State of Florida, illegally eliminated Pamela Stuart's vested economic interest in her personal homestead property at 111 John's Island Drive #7, Vero Beach, FL 32963 which she purchased with her own funds and economic effort and owned for over 18 years, her one-third interest in her father's homestead and her parents' personal property which she acquired by inheritance in two separate cases contrary to established Florida property law without just compensation or even the possibility of just compensation under § 768.28 Florida Statutes. The trial court ordered her interests in these properties conveyed to her sisters to satisfy a debt contrary to Article X, § 4 of the Florida Constitution or the requirements of Florida law that some wrongdoing in connection with the acquisition or improvement of the property in question be shown in order to establish an equitable lien. *Palm Beach Savings & Loan Ass'n v. Fishbein*, 619 So.2d 267, 270 (Fla. 1993),

*Flinn v. Doty*, 214 So.3d 683 (Fla. 4th DCA 2017). No such showing was made in the underlying cases. Indeed, the acquisition of Pamela Stuart's interest in her parents' home and their personal property came about simply because her parents died.

The State of Florida challenges Plaintiff's standing to bring this case. To have standing, the party "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *CSX Transp., Inc. v. Ala. Dep't of Revenue*, 888 F.3d 1163, 1172 (11th Cir. 2018), citing *Spokeo, Inc. v. Robins*, 578 U.S. ——, 136 S.Ct. 1540, 1547, 194 L.Ed.2d 635 (2016). In

this case, Pamela Stuart suffered the loss of her interest in her personal homestead, her one-third interest in her father's homestead, her one-third interest in her parents' personal property and her rights to trustee fees and trustee expense reimbursements and the elimination of her right to vote in Florida and travel among the several states pursuant to the Fourteenth Amendment as a result of the actions of the Circuit Court of Indian River County, Florida, an agent of the State of Florida, which was implemented by Jeffrey Smith, Clerk of the Circuit Court, also an agent of the State of Florida, contrary to established Florida property law and in the absence of just compensation or the possibility thereof.   A favorable decision of this court on the issue of the unconstitutional actions of the agents of the state of Florida that would declare the actions of the Florida state courts unconstitutional would redress these grievances and restore the status quo ante.   The court is also empowered to quiet title, partition and order the sale of Pamela Stuart's father's homestead.   So, Pamela Stuart demonstrably has standing to bring this action and is seeking declaratory and injunctive relief – contrary to the assertion of the State of Florida. Moreover, Plaintiff has alleged that the judges took their actions with respect to the issues of her domicile, her right to vote, her homestead, and her rights in her father's homestead and her parents personal property without subject matter jurisdiction. *See, Mireles v. Waco,* 502 U.S. 9, 11 (1991).   Even the State of Florida has admitted that judicial immunity would be overcome under such circumstances.

WHEREFORE, Plaintiff submits that the various motions to dismiss filed by Defendants Tennis Townhouses, Jeffrey Smith, Catherine Ryan and Deborah Stuart, and the State of Florida should be denied.

Dated:       September 5, 2018              Respectfully submitted,


Plaintiff *pro se*
P.M.B. #8202
6001 Highway A1A
Indian River Shores, FL 32963-1014
(202) 999-2374 (cell)
(202) 244-0723 (landline)
pamstuart@aol.com


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have sent the original of the foregoing Plaintiff's Surreply to

Defendants' Replies to Plaintiff's Responses in Opposition to Defendants' Various Motions to

Dismiss her complaint to the Clerk of the Court for filing via first class mail with postage prepaid

and that I am serving a copy on counsel via first class mail with postage prepaid and electronic

mail at their email addresses provided on their motions this 6th day of August, 2018.


PAMELA B. STUART

copies to:

Jason L. Odom, Esq.
Gould, Cooksey Fennell, PA
979 Beachland Blvd.
Vero Beach, FL 32963
jodom@gouldcooksey.com

Counsel for Defendant Jeffrey R. Smith, Clerk of the Circuit Court for Indian River

County, Florida

Sean A. Mickley, Esq.
Gould, Cooksey Fennell, PA
979 Beachland Blvd.
Vero Beach, FL 32963
smickley@gouldcooksey.com

      Counsel for defendant, The Tennis Townhouses Condominium Association, Inc.

C. Douglas Vitunac, Esq.
Collins, Brown, Barkett, Garavaglia and Lawn, Chrtd.
756 Beachland Blvd.
Vero Beach, FL 32963
dvitunacpleadings@verolaw.com

      Counsel for Defendants Catherine Ryan and Deborah Stuart

Maria Guitian Barker, Esq.
Assistant Attorney General
State of Florida
110 S.E. 6th Street, 10th Floor
Ft. Lauderdale, FL 33301
maria.guitianbarker@mMyFloridalegal.com

      Counsel for the State of Florida