UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

Case No. 18-14244-Civ-MARTINEZ/Maynard

PAMELA B. STUART,

Plaintiff,

v.

CATHERINE S. RYAN,
DEBORAH A. STUART,
TENNIS TOWNHOUSES
CONDOMINIUM ASSOCIATION, INC.,
JEFFREY R. SMITH, and
STATE OF FLORIDA,

Defendants.

## DEFENDANTS CATHERINE S. RYAN AND DEBORAH A. STUART'S RESPONSE TO PLAINTIFF PAMELA STUART'S RULE 72 OBJECTIONS

Defendants CATHERINE S. RYAN and DEBORAH A. STUART, pursuant to

S.D.Fla.M.J.R. 4(b), file this, their Response to Plaintiff Pamela Stuart's Rule 72 Objections to

the Report and Recommendations of Magistrate Judge Maynard (D.E. No. 69-1) and to

Plaintiff's "Additions, Corrections and Notice of Supplemental Authority to Rule 72 Objections

to the Report and Recommendation of the Magistrate Judge" (D.E. No. 72), and state the

following:

### Introduction

With her tediously over-long Objections (which were recently supplemented by her

unauthorized "Additions"),[1] Plaintiff has put forth a revisionist version of the facts that is as

---

[1] Plaintiff's most recent filing has three parts.  The first few paragraphs constitute a feeble, partial reply to Defendants' opposition to Plaintiff's motion to late-file her Objections.  The bottom half of page 2 and the top half of page 3 identify a handful of typographical errors

untrue as it is unsupported by the state-court proceedings that she so desperately wants this Court to overlook and override. As a "state-court loser" many times over, Plaintiff yearns to cast aside the adverse determinations of the Florida courts, but the Complaint that she filed in this action provides this Court with no basis to do so. Seemingly forgotten – or at least ignored – by Plaintiff is that "[t]he Court's sole task at this juncture is to evaluate the legal sufficiency of the allegations" of her complaint. *Tech. Med. Advancements, LLC v. Advanced Med. Distribs.*, No. 15-80194-CIV, 2015 WL 11438210, at *6 (S.D. Fla. Oct. 2, 2015), *report and recommendation adopted*, 2015 WL 11438211 (S.D. Fla. Oct. 22, 2015). Indeed, on a motion to dismiss, this Court's charge is "to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities Inc.*, 748 F.2d 774, 779 (2d Cir. 1984) (internal citation and quotation marks omitted)).

Plaintiff's lengthy alternative version of the facts is particularly irrelevant given that this Court lacks jurisdiction over the subject matter of the complaint. Accordingly, Plaintiff's contemptuous effort to recast herself as the victim of "rogue judges on the loose" (D.E. No. 69-1 at 118) rather than to take responsibility for her rapacious self-dealing is as senseless as it is unavailing. But no matter how the tale is told, this Court cannot undo a final state-court

---

scattered throughout Plaintiff's 125 pages of Objections that affect nothing of consequence. The remainder of the document is legal gobbledygook, disingenuously submitted under the guise of a "status update" concerning Plaintiff's recent defeat in the Foreclosure Case appeal. But Defendants had already advised this Court on January 31, 2019 of the Florida Fourth District Court of Appeal's decision. *See* D.E. No. 71. And, unlike Plaintiff's lengthy submission, which cites nearly two dozen cases and audaciously accuses the state appellate court of a "coverup," Defendants' two-sentence notice refrained from impermissible argument. *See Girard v. Aztec RV Resort, Inc.*, No. 10-62298-CIV, 2011 WL 4345443, at *2 (S.D. Fla. Sept. 16, 2011) ("Put simply, notices of supplemental authority should not make legal argument."). Having been submitted with disregard for this Court's rules, Plaintiff's "status update" should be stricken. *See, e.g., Tracfone Wireless, Inc. v. Unlimited PCS, Inc.*, No. 12-20013-CIV, 2012 WL 12996615 (S.D. Fla. Mar. 14, 2012).

judgment. *See Scott v. Frankel*, 606 F. App'x 529, 532 (11th Cir. 2015) ("When the relief a plaintiff seeks is federal district court review of an earlier state court order against him, no set of facts, however favorable, will give the court jurisdiction to consider that relief.").

At various points throughout her Objections, Plaintiff distorts the applicable law and misrepresents the facts. Rather than address each of Plaintiff's errors, Defendants' Response corrects only those misstatements that matter. Having litigated against Plaintiff for more than five years in six different courts, and having already obtained a judgment on the merits that was unanimously affirmed on appeal, Defendants decline to respond for the umpteenth time to Plaintiff's misrepresentations. Instead, Defendants simply clarify the legal landscape, identify the few factual objections of Plaintiff's with which they agree, and note for the Court a small handful of additional – albeit immaterial – factual findings that could benefit from some minor correction.

## Argument

### I. Plaintiff's Claims Are Inextricably Intertwined with a Final State-Court Judgment

Instead of even attempting to refute the fact that her federal claims are all inextricably intertwined with the state-court judgment in the Trust Case, Plaintiff contends that the Trust Case judgment was not sufficiently final to justify *Rooker-Feldman* abstention by this Court. Specifically, Plaintiff argues that the Trust Case "was still ongoing as a motion for relief from judgment had been filed and a Supreme Court certiorari petition was filed after the complaint in this case was filed." D.E. No. 69-1 at 112.[2] However, Plaintiff's proposition that "[a] state court

---

[2]   In her impermissibly prolix Objections, Plaintiff makes the same argument several times. *See, e.g.*, D.E. No. 69-1 at 104-05 ("What the Magistrate calls the 'Trust Case' discussed in Count I of the federal complaint was not concluded at the time that the federal complaint was filed (June 26, 2018) because a petition for a writ of certiorari was filed with the Supreme Court of the United States on July 9, 2018 . . . and a motion for relief from judgment filed June 9, 2018 on the grounds of lack of subject matter jurisdiction was pending before the state trial court.").

case is not 'final' until the Supreme Court [of the United States] issues its decision," *id.* at 105, is incorrect as a matter of law.

As the Eleventh Circuit has recognized time and again, a state-court judgment is final for purposes of the *Rooker-Feldman* doctrine once all avenues of appeal on the state level have been exhausted. *See Nicholson v. Shafe*, 558 F.3d 1266, 1278 (11th Cir. 2009) ("[B]ecause the Appellants filed the instant federal action while the state court action continued in the appeals process in state court, the state proceedings had not ended." (emphasis added)).[3] A state-court loser's ability to petition the U.S. Supreme Court for further review does not undermine the finality of a state-court judgment that has fully worked its way through the state system. *See, e.g., Woodhull*, 699 F. App'x at 875 (judgment was "final for purposes of determining jurisdiction under the *Rooker-Feldman* doctrine because the highest state court in which review was available had affirmed" (internal quotation marks and brackets omitted)); *Monroe v. Fla. Sup. Ct.*, No. 3:12cv355/MCR/EMT, 2012 WL 3240930, at *2 (N.D. Fla. July 10, 2012) (notwithstanding availability of time to seek writ of certiorari from U.S. Supreme Court, state court proceedings had ended for purposes of *Rooker-Feldman* doctrine once Florida Supreme Court denied petition for review), *report and recommendation adopted*, 2012 WL 3240885 (N.D. Fla. Aug. 9, 2012).

---

[3]   *See also Cormier v. Horkan*, 397 F. App'x 550, 552 (11th Cir. 2010) (exhaustion of state court remedies marked end of state court proceedings); *Woodhull v. Mascarella*, No. 1:15-CV-280-MW-GRJ, 2016 WL 3232974, at *6-7 (N.D. Fla. May 18, 2016) (intermediate appellate court's issuance of a *per curiam* affirmed decision "marks the end of state court proceedings for *Rooker-Feldman* purposes"), *report and recommendation adopted*, 2016 WL 3248383 (N.D. Fla. June 9, 2016), *aff'd*, 699 F. App'x 872 (11th Cir. 2017), *cert. denied*, 138 S. Ct. 2685 (2018); *Stewart v. Lastaiti*, No. 10-60565-CIV, 2010 WL 1993884, at *3 (S.D. Fla. May 17, 2010) (federal court lacked jurisdiction where plaintiff "lost at all levels of the Massachusetts court system before bringing [his] lawsuit"), *aff'd*, 409 F. App'x 235 (11th Cir. 2010).

Plaintiff commenced this federal civil action only after the judgment in the Trust Case had become final and she had exhausted all state-court remedies. Although she objects to the legal conclusions set forth in paragraph 62 of the report and recommendation ("R&R"), *see* D.E. No. 69 at 112-13, Plaintiff does not – and cannot – challenge the accuracy of the chronology of state-court proceedings recited by the magistrate judge:

> [T]he state trial court rendered its final judgment on the merits on **October 21, 2016**, and that final judgment was affirmed on appeal on **November 29, 2017** (by Florida's Fourth District Court of Appeal) and on **April 9, 2018** (by the Florida Supreme Court).

D.E. No. 62 at 40 (emphasis added). Because Plaintiff did not file her federal complaint until June 26, 2018, *i.e.*, more than 11 weeks after the "highest state court in which review [was] available" declined to disturb the judgment in the Trust Case as affirmed by the Fourth District Court of Appeal, *see Nicholson*, 558 F.3d at 1275, the state-court judgment was final, and the *Rooker-Feldman* doctrine applies.

## II.   Plaintiff Has Correctly Identified a Few Immaterial Factual Errors in the Report and Recommendation (and Has Overlooked Several Others)

Plaintiff's penchant for abusive litigation tactics produced a voluminous and complicated state-court record that the magistrate judge commendably endeavored to summarize in her R&R. However, as Plaintiff notes, the R&R misstated a few facts – mostly inconsequential dates – none of which bears on the magistrate judge's legal conclusions:

- Plaintiff's service as trustee began in 1990, not 1998 (D.E. No. 69-1 at 29)

- Plaintiff took out a reverse mortgage on her home in Washington, D.C. in 2013, not 2012 (D.E. No. 69-1 at 45-46)

- Defendants' complaint in the Trust Case did not quantify the damages caused by Plaintiff (D.E. No. 69-1 at 47)

- The Agreed Order that resulted in Plaintiff's removal as trustee was entered on March 5, 2014, not March 14, 2014 (D.E. No. 69-1 at 55-56)

The R&R also contains the following equally immaterial mistakes:

- Paragraphs 2 & 17: The state-court cases were litigated in Circuit Court, not Probate Court

- Paragraph 11: Ed Ryan was a corporate attorney in New Jersey, not New York

- Paragraph 28: Judge Kanarek did not find "title to the parents' house on Catalina Court to remain with the trust"; he held that Plaintiff's "position" that the house had "descended to her and her sisters as a matter of law at the time of her father's death" was "supported by the law"

- Paragraph 33: Plaintiff was suspended from the practice of law by the Florida Supreme Court, not by the Florida Bar

- Paragraph 38: Judge Kanarek, not the Fourth District Court of Appeal, denied Plaintiff's motion to stay the foreclosure sale. The appeal in the Foreclosure Case was fully briefed on December 11, 2018 and was decided on January 31, 2019

- Paragraph 46: Plaintiff complained that she had to vacate the John's Island Drive property on June 25, 2018, not June 25, 2019

## III. Plaintiff's Claims Should Be Dismissed Either for Lack of Jurisdiction or with Prejudice for Failure to State a Claim

Noting that dismissals for lack of jurisdiction are not dispositions on the merits, Plaintiff opposes the magistrate judge's "suggestion" that her claims be dismissed with prejudice. D.E. No. 69-1 at 122. Defendants do not dispute that *Rooker-Feldman* dismissals pursuant to Fed. R. Civ. P. 12(b)(1) should be entered without prejudice. *See Scott*, 606 F. App'x at 533. However, Plaintiff's complaint suffers from various defects, and application of the *Rooker-Feldman* doctrine is but one of several reasons militating for dismissal. As the magistrate judge noted, Plaintiff's causes of action are also subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds of collateral estoppel, issue preclusion, mootness, sovereign immunity, and lack of standing. Should the Court rely on any of those dispositive bases rather than on the *Rooker-Feldman* doctrine, dismissal with prejudice would be appropriate.

## Conclusion

For the reasons stated above, Plaintiff's objections should be overruled, the Magistrate Judge's Report and Recommendation should be adopted, and all Counts of Plaintiff's complaint should be dismissed.

Dated this 7th day of February, 2019.

Respectfully submitted,

*/s/ C. Douglas Vitunac*

C. DOUGLAS VITUNAC, ESQ.
Florida Bar No. 0028598
COLLINS, BROWN, BARKETT,
GARAVAGLIA, and LAWN, CHARTERED.
*Attorneys for Defendants Catherine S. Ryan*
*    & Deborah A. Stuart*
756 Beachland Boulevard
Vero Beach, Florida 32964-3686
(772) 231-4343
dvitunacpleadings@verolaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of February, 2019, I electronically caused the foregoing document to be filed with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on Plaintiff *pro se* Pamela B. Stuart and all counsel of record via transmission of Notices of Electronic Filing.

*/s/ C. Douglas Vitunac*

C. DOUGLAS VITUNAC, ESQ.
Florida Bar No. 0028598
COLLINS, BROWN, BARKETT,
GARAVAGLIA, and LAWN, CHARTERED.
*Attorneys for Defendants Catherine S. Ryan
    & Deborah A. Stuart*
756 Beachland Boulevard
Vero Beach, Florida 32964-3686
(772) 231-4343
dvitunacpleadings@verolaw.com