UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION
**Case Number: 18-14244-CIV-MARTINEZ-MAYNARD**

PAMELA B. STUART,
    Plaintiff,

vs.

DR. CATHERINE S. RYAN, et al.,
    Defendants.
_____/

## **ORDER**

THIS CAUSE came upon the Plaintiff's Motion for Leave to Late File Plaintiff's Expedited Response to Defendants Ryan and Stuart's Expedited Motion to Lift Stay and for Leave to File Renewed Motion to Dismiss, [ECF No. 109]. Plaintiff alternatively requests that if an Order has already been issued on the Defendants' Motion, her Motion for Leave be construed as a motion to reconsider.

An Order granting Defendants' Motion to Lift Stay has indeed been entered, [ECF No. 107], and Defendants have already filed their Renewed Motion to Dismiss the only remaining claim left in this action. [ECF No. 10]. The Court has considered Plaintiff's Motion for Leave and will accept the late-filed Response to Defendants' Motion to Lift Stay. The Court appreciates Plaintiff's *pro se* status and takes it into consideration regarding timeliness issues.[1]

Nonetheless, Plaintiff's Response does not change the outcome of the Court's Order. Plaintiff concedes that the state foreclosure case has concluded, and therefore, the instant case should no longer be stayed. Much, if not all, of Plaintiff's Response either disagrees with the Eleventh Circuit's analysis of some of her claims or is more appropriately directed at Defendants'

---

[1] This, however, should not be construed as a blanket acceptance of late-filed documents, in light of the history of this case.

Renewed Motion to Dismiss.

Plaintiff fails to meet the legal standard for reconsideration. "Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Instituto de Prevision Militar v. Lehman Bros., Inc.*, 485 F. Supp. 2d 1340, 1343 (S.D. Fla. 2007) (internal quotation marks and citation omitted). The reconsideration decision is granted only in extraordinary circumstances and is "committed to the sound discretion of the district judge." *Am. Home Assur. Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1238–39 (11th Cir. 1985).

No such circumstances exist here. Plaintiff may re-assert her arguments as to her remaining judicial-takings claim in a properly filed Response to Defendants' Renewed Motion to Dismiss—which the Court reminds Plaintiff is due **on or before November 11, 2020**.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion for Leave to Late File Plaintiff's Expedited Response to Defendants Ryan and Stuart's Expedited Motion to Lift Stay and for Leave to File Renewed Motion to Dismiss, [ECF No. 109], is **GRANTED IN PART** insofar as the Court will accept the late response. It is **DENIED IN PART** in that the Court will not reconsider its Order on Expedited Motion to Lift Stay, [ECF No. 107].

DONE and ORDERED in Chambers at Miami, Florida, this 30th day of October 2020.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Maynard
All Counsel of Record
Pamela B. Stuart, *pro se*